**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,

Plaintiff,

v.

DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,

Defendants.

Case No. 6:20-cv-00477-ADA

**JURY TRIAL DEMANDED**

# DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

# TABLE OF CONTENTS

Page

## CONTENTS


I. INTRODUCTION ........ 1

II. BACKGROUND ........ 1

A. The Asserted Patent ........ 1

B. The Accused Product ........ 1

III. LEGAL STANDARD ........ 2

A. Rule 12(b)(6) ........ 2

B. Induced and Contributory Infringement ........ 2

IV. ARGUMENT ........ 3

A. Plaintiff Fails to State a Claim for Induced and Contributory Infringement ........ 3

1. Plaintiff fails to allege the requisite knowledge for indirect infringement ........ 3

2. Plaintiff fails to allege the requisite specific intent for induced infringement ........ 5

3. Plaintiff fails to allege the requisite lack of substantial non-infringing uses for contributory infringement ........ 6

V. CONCLUSION ........ 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ....................2, 5

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ....................2, 3, 5

*Aguirre v. Powerchute Sports, LLC*,
No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ....................3, 4

*Artrip v. Ball Corp.*,
735 Fed. Appx. 708 (Fed. Cir. 2018)....................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................2

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
C 11–04049 JW, 2012 WL 1030031 (N.D. Cal. Mar. 22, 2012)....................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................2

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
904 F. Supp. 2d 1260 (M.D. Fla. 2012)....................4

*Commil USA, LLC v. Cisco Sys., Inc.*,
135 S. Ct. 1920 (2015)....................2, 3

*De La Vega v. Microsoft Corp.*,
2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)....................2

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
No. CV 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018)....................6

*DSU Med. Corp. v. JMS Co., Ltd.*,
471 F.3d 1293 (Fed. Cir. 2006)....................5

*Fujitsu Ltd. v. Netgear Inc.*,
620 F.3d 1321 (Fed. Cir. 2010)....................3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)....................3

*Hypermedia Navigation LLC v. Google LLC*,
No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019)....................6

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Lormand v. US Unwired, Inc.*,
565 F.3d 228 (5th Cir. 2009) ....................2

*Parity Networks, LLC v. Cisco Sys., Inc.*,
No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)....................5, 6

*Parus Holdings Inc. v. Apple Inc.*,
No. 6:19-cv-432 (W.D. Tex. Feb. 20, 2020)....................4

*Proxyconn Inc. v. Microsoft Corp.*,
No. SACV 11-1681-DOC-ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012)....................4

*Xpoint Technologies, Inc. v. Microsoft Corp.*,
730 F. Supp. 2d 349 (D. Del. 2010)....................4

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| ’489 patent | U.S. Patent No. 8,913,489 |
| Complaint or Compl. | Complaint (D.I. 1) |
| Defendants | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| LAG | Link Aggregate Group |
| MC-LAG | Multi-Chassis Link Aggregate Group |
| VFL | Virtual Fabric Link |
| VLT | Virtual Link Trunking |
| WSOU or Plaintiff | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

# I. INTRODUCTION

Plaintiff has not plausibly alleged—and cannot plausibly allege—indirect infringement in this case, under any theory. Plaintiff's indirect infringement allegations are based on knowledge of the patent only as of the date of the Complaint, which this Court has repeatedly held is insufficient to sustain a claim of indirect infringement. Plaintiff's indirect infringement allegations should be dismissed because Plaintiff also completely fails to allege numerous other elements of induced and contributory infringement.

# II. BACKGROUND

## A. The Asserted Patent

The '489 patent generally relates to multi-chassis link aggregate group ("MC-LAG") where a link aggregate group ("LAG") is split across two physical devices. '489 patent, Abstract. Although LAGs and aggregation switches were generally known, the patent contends that extending the LAG across two devices would provide redundancy. For the LAG to be extended across two devices, the '489 patent explains that the two devices communicate via a "virtual fabric link" or "VFL." *Id.*, 6:61–67. According to the patent, if there is a failure in the VFL, the system will reconfigure the MC-LAG into one or more LAGs and then initiate a "spanning tree protocol" or "STP" on the LAGs to remap the network. *Id.*, 17:66–18:24. Plaintiff has asserted claim 8.

## B. The Accused Product

The Complaint alleges infringement by "networking switches with Virtual Link Trunking (VLT)." Compl. ¶ 13. Administrators can choose to enable VLT functionality to provide multipathing and create redundancy through increased bandwidth, enabling multiple parallel paths between nodes and load-balancing traffic. *Id.*, ¶ 15.

## III. LEGAL STANDARD

### A. Rule 12(b)(6)

A complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." The complaint must include more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must allege non-conclusory facts that make liability "plausible," meaning that they "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) ("The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."). For a claim of patent infringement, the complaint must—at a minimum—plead facts that describe how the allegedly infringing product infringes. *See De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020).

### B. Induced and Contributory Infringement

For both induced and contributory infringement, Plaintiff must plead facts to support "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, Plaintiff additionally must plead facts showing that the Defendant "had [a] specific intent to induce [a third party's] patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014). The "specific intent" element is "demanding" and requires more than

"unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Id.* at *7, *21. Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

For contributory infringement, Plaintiff must also plead "that the component has no substantial noninfringing uses, and [] that the component is a material part of the invention." *Affinity Labs*, 2014 WL 2892285, at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

## IV. ARGUMENT

### A. Plaintiff Fails to State a Claim for Induced and Contributory Infringement

Plaintiff's indirect infringement claims are deficient and should be dismissed. Plaintiff has failed to plead any knowledge of the patent or knowledge of infringement ***prior*** to the filing of this action. Plaintiff also fails to plead a specific intent to induce infringement. And, Plaintiff has not pled, and cannot plead, that that there are no substantial non-infringing uses. Each of these failures independently warrants dismissal of Plaintiff's indirect infringement allegations.

#### 1. Plaintiff fails to allege the requisite knowledge for indirect infringement

Plaintiff's indirect infringement allegations fail because they do not plead the required "knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. at 1926. As courts in this District have held, the knowledge requirements for indirect infringement require ***pre-suit*** knowledge. *See Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement").

Despite this clear requirement, Plaintiff's sole allegation of knowledge of the patent is a conclusory statement that "Defendants have received notice and actual or constructive knowledge of the '489 Patent ***since at least the date of service of this Complaint***." Compl. ¶ 23 (emphasis added).[1] This Court has rejected identical allegations of knowledge. For example, in *Parus* this Court dismissed indirect infringement claims where plaintiff's only allegation of knowledge of the patent was that "Defendant Apple has had knowledge of the '431 Patent ***since at least the filing of the original complaint***." *Parus*, No. 6:19-cv-432, at D.I. 28 (Amended Compl.) ¶ 44 (emphasis added); *see id.*, at Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims). Like the allegations in *Parus*, Plaintiff fails to allege pre-suit knowledge and thus fail to state a claim for indirect infringement. *See id.*; *Aguirre*, 2011 WL 2471299, at *3; *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268–69 (M.D. Fla. 2012) ("Also, because notice of the patent is necessarily provided by a complaint, finding that a complaint provides sufficient knowledge for induced infringement would vitiate the Supreme Court's holding in Global–Tech that an allegation of knowledge of the patent is required to state a claim for induced infringement.").[2]

---

[1] Plaintiff's allegations of knowledge of infringement are likewise deficient as they allege such knowledge only "[s]ince at least the date of service of this Complaint." Compl. ¶ 25; *see, e.g.*, *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where the only allegations of knowledge of infringement were that "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement of the claims of the '431 Patent." (D.I. 28 (Amended Compl.) ¶ 44)).

[2] Other courts similarly have held that "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement." *Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, C 11–04049 JW, 2012 WL 1030031, *4 (N.D. Cal. Mar. 22, 2012); *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681-DOC-ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012); *Brandywine*, 912 F. Supp. 2d at 1345 ("The weight of authority addressing the

### 2. Plaintiff fails to allege the requisite specific intent for induced infringement

Plaintiff also entirely fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, ***directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities***.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (emphasis added)). Plaintiff's allegations of specific intent amount to a single conclusory statement that Defendants "actively induced" others to infringe through it advertising and promotional materials and five website citations. *See* Compl. ¶ 24. Such conclusory allegations fail to present facts that demonstrate: (1) Defendants knew that the alleged acts infringed, and (2) Defendants knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent. *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7, *21 (finding "Plaintiffs generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient"). To support specific intent, Plaintiff must include specific allegations mapping the advertisement or promotion to the performance of the claimed steps of the

---

knowledge required for indirect infringement . . . requires a plaintiff to allege that defendant had pre-suit knowledge of the patents-in-suit.").

patent—i.e., "evidence of culpable conduct, directed to encouraging another's infringement." *Parity*, 2019 WL 3940952, at *2.[3]

Plaintiff's inducement claim should be dismissed because the Complaint is entirely silent on a key requirement of induced infringement.

**3. Plaintiff fails to allege the requisite lack of substantial non-infringing uses for contributory infringement**

Plaintiff's contributory infringement allegations also fail because Plaintiff did not "'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citations omitted). Plaintiff has not done so and cannot do so. Plaintiff's only allegation on these elements is a conclusory statement that repeats the legal elements. *See* Compl. ¶ 22. As the Federal Circuit held in *Artrip*, conclusory allegations are not enough. 735 F. App'x at 713 (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [Defendant] was aware of the patents or facts to suggest that the [Accused Product] it supplied had no substantial noninfringing use"). Plaintiff's failure to raise a plausible inference of no substantial non-infringing uses and materiality is fatal to its contributory infringement claim, and as such it should be dismissed.

---

[3] *See also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("In no way does the complaint detail *how* an end user would infringe Hypermedia's patents by following instructions in the links provided in the complaint." (emphasis in original)); *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (holding mere citations to websites were insufficient to plead specific intent).

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's complaint for failure to plausibly state a claim for relief, without leave to amend. Pursuant to L.R. CV-7(h), Defendants request an oral hearing on the foregoing motion.

Dated: October 5, 2020

By: */s/ Barry K. Shelton*

Barry K. Shelton
Texas State Bar No. 24055029
bshelton@sheltoncoburn.com
**SHELTON COBURN LLP**
311 RR 620, Suite 205
Austin, TX 78734-4775
Telephone: 512.263.2165
Facsimile: 512.263.2166

Benjamin Hershkowitz
bhershkowitz@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
Allen Kathir
akathir@gibsondunn.com
Kyanna Sabanoglu
ksabanoglu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Y. Ernest Hsin
ehsin@gibsondunn.com
Jaysen S. Chung
jschung@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Ryan K. Iwahashi
riwahashi@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 5th day of October 2020, the foregoing was filed electronically in compliance with Local Rule CV-5(b)(1) and served via the Court's electronic filing system on all counsel who have consented to electronic service:

Brett Aaron Mangrum, Attorney for WSOU
brett@etheridgelaw.com

Jeffrey Huang, Attorney for WSOU
jhuang@etheridgelaw.com

Ryan Scott Loveless, Attorney for WSOU
ryan@etheridgelaw.com

Travis Lee Richins, Attorney for WSOU
travis@etheridgelaw.com

James L. Etheridge, Attorney for WSOU
jim@etheridgelaw.com

*/s/ Barry K. Shelton*
Barry K. Shelton