# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, <br><br> Plaintiff, <br><br> v. <br><br> DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION, <br><br> Defendants. | NO. 6:20-cv-477-ADA <br><br> **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos" or "Plaintiff"), by and through its attorneys, files this First Amended Complaint ("Amended Complaint" or "Complaint") for Patent Infringement against Dell Technologies Inc., Dell Inc., and EMC Corporation (collectively, "Defendants") and alleges:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq., including §§ 271, 281, 284, and 285.

## THE PARTIES

2. Brazos is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

3. On information and belief, defendant Dell Technologies Inc. is a Delaware corporation with a principal place of business at One Dell Way, Round Rock, Texas 78682.

4. On information and belief, defendant Dell Inc. is a Delaware corporation with a principal place of business at One Dell Way, Round Rock, Texas 78682. Dell Inc. is wholly owned by its corporate parent, Dell Technologies Inc.

5. On information and belief, defendant EMC Corporation is a Massachusetts corporation with a principal place of business at One Dell Way, Round Rock, Texas 78682. EMC Corporation is wholly owned by its corporate parent, Dell Technologies Inc.

## JURISDICTION AND VENUE

6. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 284, and 285.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has specific and general personal jurisdiction over each defendant pursuant to due process and/or the Texas Long Arm Statute, because each defendant has committed acts giving rise to this action within Texas and within this judicial district. The Court's exercise of jurisdiction over each defendant would not offend traditional notions of fair play and substantial justice because each defendant has established minimum contacts with the forum. For example, on information and belief, each defendant has committed acts of infringement in this judicial district, by among other things, selling and offering for sale products that infringe the asserted patent, directly or through intermediaries, as alleged herein.

9. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§1391 and/or 1400(b). Each defendant has established places of business in the Western District of Texas. Each defendant is registered to do business in Texas. Upon information and belief, each defendant has transacted business in this District and has committed acts of infringement in this District.

## **COUNT ONE - INFRINGEMENT OF U.S. PATENT NO. 8,913,489**

10. Brazos re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

11. On December 16, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,913,489 ("the '489 Patent"), entitled "System and Method for Virtual Fabric Link Failure Recovery." A true and correct copy of the '489 Patent is attached as Exhibit A to this Complaint.

12. Brazos is the owner of all rights, title, and interest in and to the '489 Patent, including the right to assert all causes of action arising under the '489 Patent and the right to any remedies for the infringement of the '489 Patent.

13. Defendants make, use, sell, offer for sale, import, and/or distribute in the United States, including within this judicial district, products such as, but not limited to, networking

switches with Virtual Link Trunking (VLT), including but not limited to, C9000 series switches (collectively, the "Accused Products").

14. The Accused Products provide multi-rate, modular switching platforms, which can be used for campus, mid-market, and large-enterprise networks and support Layer 2 multipath using VLT.



https://www.dell.com/en-us/work/shop/povw/networking-c9000-series

15. The Accused Products operate based on Dell Networking OS (DNOS), which incorporates features from Force10 Networks's Force10 Operating System (FTOS), including VLT. VLT allows two physical switches to be represented as a single logical switch, which can be regarded as a part of a multi-chassis link aggregation group (MC-LAG). With physical links as a

4

port-channel, connecting two individual switches configured with VLT would logically group it as a single entity only for the access switches which connect to the VLT domain.

**Virtual Link Trunking (VLT)**

Virtual link trunking (VLT) is supported on Dell Networking OS.

**Overview**

VLT reduces the role of spanning tree protocols (STPs) by allowing link aggregation group (LAG) terminations on two separate distribution or core switches and supporting a loop-free topology.

To prevent the initial loop that may occur prior to VLT being established, use a spanning tree protocol. After VLT is established, you may use rapid spanning tree protocol (RSTP) to prevent loops from forming with new links that are incorrectly connected and outside the VLT domain.

VLT provides Layer 2 multipathing, creating redundancy through increased bandwidth, enabling multiple parallel paths between nodes and load-balancing traffic where alternative paths exist.

Virtual link trunking offers the following benefits:

- Allows a single device to use a LAG across two upstream devices.
- Eliminates STP-blocked ports.
- Provides a loop-free topology.
- Uses all available uplink bandwidth.
- Provides fast convergence if either the link or a device fails.
- Optimized forwarding with virtual router redundancy protocol (VRRP).
- Provides link-level resiliency.

https://topics-cdn.dell.com/pdf/networking-c9000-series_users-guide_en-us.pdf

16. For example, a VLT topology may include two switches, including an Accused Product, in a VLT Domain that communicates with servers by forming a multi-chassis link aggregation group over port interfaces of the switches.



https://downloads.dell.com/solutions/networking-solution-resources/Virtual%20Link%20Trunking-Reference%20Architecture%202%200_External.pdf

17. Further, as shown in the example above, switches in the VLT Domain may be considered VTI peer devices and connected using a VLTi interconnect port-channel, which acts a virtual fiber link. The VLT interconnect (VLTi) carries MAC, ARP Tables, and IGMP State information between the VLT peer switches in a VLT topology.

**VLT Terminology**

...

- **VLT interconnect (VLTi)** — The link used to synchronize states between the VLT peer switches. Both ends must be on 10G or 40G interfaces.

...

- **VLT peer device** — One of a pair of devices that are connected with the special port channel known as the VLT interconnect (VLTi).

6

> VLT peer switches have independent management planes. A VLT interconnect between the VLT chassis maintains synchronization of L2/L3 control planes across the two VLT peer switches. The VLT interconnect uses either 10G or 40G user ports on the chassis.

https://topics-cdn.dell.com/pdf/networking-c9000-series_users-guide_en-us.pdf

### 1.2  VLT Implementation

> Periodic hello messages are sent through the VLT Interconnect (VLTi) and the VLT control messages are sent in TLV format through the VLTi links for synchronizing the L2/L3 control planes across the two VLT peers. MAC, ARP tables, IGMP States are synchronized between the VLT peers ensuring traffic flow across the links and seamless failover in case of VLT link or node failure. The VLT feature ensures the local traffic on a VLT Switch takes the shortest path to the destination through the VLT links and not through the VLTi links. However VLTi carries the traffic during the link failure states. (Figure 1.0)

https://downloads.dell.com/solutions/networking-solution-resources/Virtual%20Link%20Trunking-Reference%20Architecture%202%200_External.pdf

18. The Accused Products can determine a connection failure of the VLTi interconnect.



https://downloads.dell.com/solutions/networking-solution-resources/Virtual%20Link%20Trunking-Reference%20Architecture%202%200_External.pdf

7

**Configuration Notes**

…

- **Failure scenarios**

…

- If all ports in the VLT interconnect fail, or if the messaging infrastructure fails to communicate across the interconnect trunk, the VLT management system uses the backup link interface to determine whether the failure is a link-level failure or whether the remote peer has failed entirely. If the remote peer is still alive (heartbeat messages are still being received), the VLT secondary switch disables its VLT port channels. If keepalive messages from the peer are not being received, the peer continues to forward traffic, assuming that it is the last device available in the network. In either case, after recovery of the peer link or reestablishment of message forwarding across the interconnect trunk, the two VLT peers resynchronize any MAC addresses learned while communication was interrupted and the VLT system continues normal data forwarding.

https://topics-cdn.dell.com/pdf/networking-c9000-series_users-guide_en-us.pdf

19. When the MC-LAG is disrupted (e.g., after the Accused Products determines VLTi and back uplink failure between VLT peer switches), the MC-LAG can be reconfigured into two link aggregates associated with each VLT peer switch to take the primary role and continue to communicate traffic over link aggregates to the end node. In the Accused Products, the VLT backup link can be configurable. If a VLT backup link is not enabled, then during VLTi failure, both VLT peer switches may take primary roles to form link aggregates.

## 3.1 Split-Brain in VLT

…

In case of both VLTi and backup link failure, both the VLT nodes take primary role and continue to pass the traffic if the system mac is configured on both the VLT peers. However there would not be MAC/ARP synchronization.

https://downloads.dell.com/solutions/networking-solution-resources/Virtual%20Link%20Trunking-Reference%20Architecture%202%200_External.pdf

> **Configuring a VLT Backup Link**
>
> To configure a VLT backup link, use the following command.
>
> 1. Specify the management interface to be used for the backup link through an out-of-band management network.
>    CONFIGURATION mode
>
>    ```
>    interface managementethernet slot/ port
>    ```

https://topics-cdn.dell.com/pdf/networking-c9000-series_users-guide_en-us.pdf

      20.    In the event of VLTi failure causing disruption of the MC-LAG, the spanning tree protocol (STP) may be initiated in the first set of port interfaces to avoid a traffic loop.

> **5.1 Dell#1 Switch Configurations and Verification**
>
> Dell#1#sh run | find protocol
> protocol spanning-tree pvst
>  no disable
>  vlan 1,20,800,900 bridge-priority 0
> (Take note that deploying VLT does NOT preclude the need to deploy the spanning tree protocol (STP). STP will be acting as a loop prevention mechanism in the event of a VLT failure or an errant connection that creates a physical bridging loop.
> !

https://www.dell.com/community/s/vjauj58549/attachments/vjauj58549/Network/35449/1/Routed%20VLT%20v1.2.pdf

      21.    In view of preceding paragraphs, each and every element of at least claim 8 of the '489 Patent is found in the Accused Products. And upon information and belief, each and every element of at least claim 8 of the '489 Patent is performed or practiced by Defendants at least through Defendants' own use and configuration of its own Accused Products, and/or through Defendants' own testing and configuration of its own Accused Products, and/or through

Defendants' providing services for its Accused Products, including but not limited to providing installation, deployment, support, and configuration of its Accused Products.

22.     Defendants continue to directly infringe at least one claim of the '489 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without the authority of Brazos.

23.     In May 2020, Plaintiff filed a suit against Defendants asserting infringement of the same patent and by the same accused products that are asserted in this case. Plaintiff dismissed the prior suit before filing this suit. As a result of the prior suit, Defendants had notice and actual or constructive knowledge of their infringement of the patent-in-suit since at least May 2020, before the filing of this case. Further, Defendants had knowledge of their infringement of the patent-in-suit before the filing of this Amended Complaint.[1].

24.     Since at least May 2020, through its actions, Defendants have actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the

---

[1] Dell filed a motion to dismiss that is mooted by this amended complaint. Dell's motion cites a WDTX case (which relies authority from the District of Delaware) for the proposition that knowledge of a plaintiff's patent after the lawsuit was filed is insufficient to plead the requisite knowledge for indirect infringement. *See Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (citing *Xpoint Techs. v. Microsoft Corp.*, 730 F.Supp.2d 349 (D. Del. 2010)). Several Delaware courts have since rejected this rule because there is no statutory basis to support it and because there is no purpose served by the formality of requiring the plaintiff to file an amended complaint in order to be allowed to assert knowledge of the patents during the period following the filing of the original complaint. *See Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 566 (D. Del. 2012) ("The court acknowledges that this result is inconsistent with its prior decisions in *Xpoint Techs. v. Microsoft Corp.*, 730 F.Supp.2d 349 (D.Del.2010), and *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F.Supp.2d 527 (D. Del. 2011). Given the ease of amendment, the limitation of damages to post-knowledge conduct, and in the interests of judicial economy, the court finds that the better reasoning is to allow a complaint that satisfies Rule 8 to proceed to discovery rather than dismissing it for lack of pre-filing knowledge when, by the time the motion to dismiss has been filed, defendant in fact has the requisite knowledge as pled by plaintiff."); *see also IOENGINE,*

'489 Patent throughout the United States, including within this judicial district, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:

- https://www.dell.com/en-us/work/shop/povw/networking-c9000-series
- https://www.dell.com/en-us/work/shop/productdetailstxn/force10-ftos
- https://topics-cdn.dell.com/pdf/networking-c9000-series_users-guide_en-us.pdf
- https://downloads.dell.com/solutions/networking-solution-resources/Virtual%20Link%20Trunking-Reference%20Architecture%202%200_External.pdf
- https://www.dell.com/community/s/vjauj58549/attachments/vjauj58549/Network/35449/1/Routed%20VLT%20v1.2.pdf

25.     Since at least May 2020, through its actions, Defendants have contributed to the infringement of the '489 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the '489 Patent. The Accused Products are especially made or adapted for infringing the '489 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least one claim of the '489 Patent.

## JURY DEMAND

---

*LLC v. PayPal Holdings, Inc*., CV 18-452-WCB, 2019 WL 330515, at *4 (D. Del. Jan. 25, 2019) ("The Court sees no purpose that would be served by the formality of requiring IOENGINE to file an amended complaint in order to be allowed to assert knowledge of the patents during the period following the filing of the original complaint.").

Brazos hereby demands a jury on all issues so triable.

## **REQUEST FOR RELIEF**

WHEREFORE, Brazos respectfully requests that the Court:

(A)    Enter judgment that Defendants infringe one or more claims of the '489 Patent literally and/or under the doctrine of equivalents;

(B)    Enter judgment that Defendants have induced infringement and continue to induce infringement of one or more claims of the '489 Patent;

(C)    Enter judgment that Defendants have contributed to and continue to contribute to the infringement of one or more claims of the '489 Patent;

(D)    Award Brazos damages, to be paid by Defendants in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by Defendants of the '489 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

(E)    Declare this case exceptional pursuant to 35 U.S.C. § 285; and

(F)    Award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: October 19, 2020                                  Respectfully submitted,

                                          */s/ James L. Etheridge*
                                          James L. Etheridge
                                          Texas State Bar No. 24059147
                                          Ryan S. Loveless
                                          Texas State Bar No. 24036997
                                          Travis L. Richins
                                          Texas State Bar No. 24061296

                                          ETHERIDGE LAW GROUP, PLLC
                                          2600 E. Southlake Blvd., Suite 120 / 324
                                          Southlake, Texas 76092
                                          Telephone: (817) 470-7249
                                          Facsimile: (817) 887-5950
                                          Jim@EtheridgeLaw.com
                                          Ryan@EtheridgeLaw.com
                                          Travis@EtheridgeLaw.com

                                          Mark D. Siegmund
                                          State Bar No. 24117055
                                          mark@waltfairpllc.com
                                          Law Firm of Walt, Fair PLLC.
                                          1508 North Valley Mills Drive
                                          Waco, Texas 76710
                                          Telephone: (254) 772-6400
                                          Facsimile: (254) 772-6432

                                          **COUNSEL FOR PLAINTIFF**