**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>      Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>      Defendants. | Case No. 6:20-cv-00477-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

Page

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 1 |
| | A. The Asserted Patent | 1 |
| | B. Plaintiff's Infringement Allegations | 1 |
| III. | LEGAL STANDARD | 2 |
| IV. | ARGUMENT | 3 |
| | A. Plaintiff Fails to State a Claim for Induced and Contributory Infringement | 3 |
| |    1. Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement | 3 |
| |    2. Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement | 6 |
| |    3. Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement | 7 |
| V. | CONCLUSION | 7 |

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
    620 F. App'x 934 (Fed. Cir. 2015) ............................................................................2, 6

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
    No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ...............................2, 3, 6

*Aguirre v. Powerchute Sports, LLC*,
    No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ...........................3, 4

*Artrip v. Ball Corp.*,
    735 F. App'x 708 (Fed. Cir. 2018) ...................................................................................7

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
    904 F. Supp. 2d 1260 (M.D. Fla. 2012) ...........................................................................5

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015) ..................................................................................................2, 3

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
    No. CV 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018) .........................................7

*DSU Med. Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006) .......................................................................................6

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
    C.A. No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020) ........................................4

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
    909 F.3d 398 (Fed. Cir. 2018) .........................................................................................2

*Fujitsu Ltd. v. Netgear Inc.*,
    620 F.3d 1321 (Fed. Cir. 2010) .......................................................................................3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011) ........................................................................................................3

*Hypermedia Navigation LLC v. Google LLC*,
    No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019) ....................................7

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
    870 F.3d 1320 (Fed. Cir. 2017) .......................................................................................2

## TABLE OF AUTHORITIES *(continued)*

Page(s)

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
  No. 6:14-CV-1017-ORL-22, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015) ............................ 5

*Parity Networks, LLC v. Cisco Sys., Inc.*,
  No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) .............................. 6

*Parus Holdings Inc. v. Apple Inc.*,
  No. 6:19-cv-432 (Feb. 20, 2020) ........................................................................................ 4, 5

*Proxyconn Inc. v. Microsoft Corp.*,
  No. SACV 11-1681 DOC ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ..................... 5

*Simplivity Corp. v. Springpath, Inc.*,
  No. CV 4:15-13345-TSH, 2016 WL 5388951 (D. Mass. July 15, 2016) ................................. 5

*VLSI Tech. LLC v. Intel Corp.*,
  C.A. No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ......................................... 4

# TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| '489 patent | U.S. Patent No. 8,913,489 |
| Amended Complaint or Am. Compl. | First Amended Complaint For Patent Infringement (D.I. 33) |
| Defendants | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| LAG | Link Aggregate Group |
| MC-LAG | Multi-Chassis Link Aggregate Group |
| Original Complaint or Original Compl. | Original Complaint For Patent Infringement (D.I. 1) |
| VFL | Virtual Fabric Link |
| VLT | Virtual Link Trunking |
| WSOU or Plaintiff | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

**I.      INTRODUCTION**

Plaintiff has not plausibly alleged—and cannot plausibly allege—indirect infringement in this case, under any theory. Plaintiff's Original Complaint alleged knowledge of the patent only as of the date of the Complaint, which this Court has repeatedly held is insufficient to sustain a claim of indirect infringement. The Amended Complaint tries—and fails—to circumvent that clear rule by alleging knowledge based on a complaint Plaintiff earlier filed and dismissed before filing the present case. Neither basis is sufficient; Plaintiff still has not adequately alleged pre-suit knowledge of the patent. The indirect allegations also fail to allege other requisite elements of induced and contributory infringement. As such, Defendants respectfully request that this case be dismissed.

**II.     BACKGROUND**

   **A.      The Asserted Patent**

The '489 patent generally relates to multi-chassis link aggregate group ("MC-LAG") where a link aggregate group ("LAG") is split across two physical devices. '489 patent, Abstract. Although LAGs and aggregation switches were generally known, the patent contends that extending the LAG across two devices would provide redundancy. For the LAG to be extended across two devices, the '489 patent explains that the two devices communicate via a "virtual fabric link" or "VFL." *Id.*, 6:61–67. According to the patent, if there is a failure in the VFL, the system will reconfigure the MC-LAG into one or more LAGs and then initiate a "spanning tree protocol" or "STP" on the LAGs to remap the network. *Id.*, 17:66–18:24. Plaintiff has asserted claim 8.

   **B.      Plaintiff's Infringement Allegations**

The Complaint alleges infringement by "networking switches with Virtual Link Trunking (VLT)." Am. Compl. ¶ 13. Administrators can choose to enable VLT functionality to provide

multipathing and create redundancy through increased bandwidth, enabling multiple parallel paths between nodes and load-balancing traffic.  *Id.*, ¶ 15.

Plaintiff's indirect infringement allegations in its Original Complaint amounted to three sentences that parrot the legal elements and two website links that fail to support Plaintiff's claims. *See* Original Compl. ¶¶ 23–25.  Those allegations completely failed to allege that Defendants had knowledge of the patent and knowledge of the infringement **before** Plaintiff filed suit.  *See id.*

Plaintiff's Amended Complaint fails to fix the deficiencies in the Original Complaint.  Plaintiff now alleges knowledge of the patent based on the filing, and dismissal, of an earlier complaint—which was not served—asserting the same patent.  *See* Am. Compl. ¶ 23; Rosenthal Decl., Ex. A (Redline comparison of Original and Amended Complaint).

### III.   LEGAL STANDARD

To plead indirect infringement, the complaint must first plead direct infringement by a third party.  *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017) ("A finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same).

For both induced and contributory infringement, plaintiff must also plead facts to support an inference of each defendant's "knowledge of the patent in suit and knowledge of patent infringement."  *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, Plaintiff additionally must plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement."  *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex.

2

May 12, 2014).  The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Id.* at *7, *21.  Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

For contributory infringement, Plaintiff must also plead "that the component has no substantial noninfringing uses, and [] that the component is a material part of the invention." *Affinity Labs*, 2014 WL 2892285, at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

## IV.   ARGUMENT

### A.   Plaintiff Fails to State a Claim for Induced and Contributory Infringement

Plaintiff's indirect infringement claims are deficient and should be dismissed.  As an initial matter, Plaintiff has failed to adequately plead any pre-suit knowledge by Defendants of the patent, or pre-suit knowledge by Defendants of alleged infringement.  Plaintiff also fails to plead a specific intent to induce infringement.  And Plaintiff has not pled, and cannot plead, that there are no substantial non-infringing uses.  Each of these failures independently warrants dismissal of Plaintiff's indirect infringement allegations.

#### 1.   Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement

Plaintiff's indirect infringement claims fail because they do not adequately plead the required "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA*, 135 S. Ct. at 1926.  As courts in this District have held, the knowledge requirements for indirect infringement require **pre-suit** knowledge. *See Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on

knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement"). Moreover, this Court has held—earlier this year—that allegations of knowledge based on a prior filed complaint are not enough to overcome a motion to dismiss. *See Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54 (dismissing indirect infringement claims where plaintiff's only allegation of knowledge was that "Defendant Apple has had knowledge of the '431 Patent since ***at least the filing of the original complaint***" and "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement") (quoting D.I. 28 (Am. Compl.) ¶ 44 (emphasis added)).

The Amended Complaint includes an erroneous footnote that attempts to distinguish *Aguirre* by asserting that "Delaware courts have since rejected this rule." Am. Compl. ¶ 23, n.1. Plaintiff's statement that Delaware has rejected the pre-suit knowledge requirement is incorrect. *See, e.g.*, *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) ("[T]he complaint itself cannot serve as the basis for a defendant's actionable knowledge."); *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, C.A. No. 19-1239-CFC, 2020 WL 4365809, at *2 (D. Del. July 30, 2020) ("'The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim. For that reason, the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement.'") (citation omitted). In any event, *this* Court has expressly adopted the pre-suit knowledge requirement, and continues to do so. *See, e.g.*, *Parus*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54.

Despite this clear precedent, Plaintiff's only allegations of knowledge are based on the filing of its prior complaint asserting the same patent, which it inexplicably dismissed:

> ***In May 2020, Plaintiff filed a suit against Defendants asserting infringement of the same patent and by the same accused products***

4

>that are asserted in this case.  Plaintiff dismissed the prior suit before filing this suit.  ***As a result of the prior suit, Defendants had notice and actual or constructive knowledge of their infringement of the patent-in-suit since at least May 2020, before the filing of this case***. Further, Defendants had knowledge of their infringement of the patent-in-suit before the filing of this Amended Complaint.

Am. Compl. ¶ 23 (emphases added).  Like the allegations in *Parus*, WSOU's allegations of knowledge are limited to references to a prior filed complaint and thus fail to state a claim for indirect infringement.  *See id.*; *Parus*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54.[1]  To make matters worse, Plaintiff's May 19, 2020 complaint was **never served**, so it cannot form the basis for Defendants' knowledge.  *See* Rosenthal Decl., Ex. B (Docket for *WSOU v. Dell Inc., et al.*, No. 6-20-cv-00408) (showing dismissal prior to service of the complaint).  Allowing Plaintiff to avoid the pre-suit knowledge requirement by filing a complaint, voluntarily dismissing that complaint, and refiling the same complaint two weeks later, would be at odds with the knowledge requirement itself.[2]  And, it would elevate form over substance and encourage litigants to use such a tactic to essentially eviscerate the pre-suit knowledge requirement.

---

[1] *See also Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) ("[A] complaint fails to state a claim for indirect patent infringement where the only allegation that purports to establish the knowledge element is the allegation that the complaint itself ***or previous complaints in the same lawsuit establish the defendant's knowledge of the patent***") (emphasis added); *Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 6:14-CV-1017-ORL-22, 2015 WL 1246500, at *9 (M.D. Fla. Mar. 16, 2015) ("'Prior to suit' does not mean prior to the current iteration of the Complaint.").

[2] *See, e.g.*, *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268–69 (M.D. Fla. 2012) ("[B]ecause notice of the patent is necessarily provided by a complaint, finding that a complaint provides sufficient knowledge for induced infringement would vitiate the Supreme Court's holding in *Global–Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement."); *Simplivity Corp. v. Springpath, Inc.*, No. CV 4:15-13345-TSH, 2016 WL 5388951, at *8 (D. Mass. July 15, 2016) ("The suggested 'knowledge via filing' framework dilutes the knowledge requirement to the point of meaninglessness, since by virtue of being sued for infringement, a party necessarily is aware of the patent-in-suit.")

Plaintiff's failure to raise a plausible inference of pre-suit knowledge of the patent and knowledge of infringement are fatal to its indirect infringement claims, and as such these claims should be dismissed.

### 2. Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement

Plaintiff also entirely fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)). Plaintiff's allegations of specific intent amount to a single conclusory statement that Defendants "actively induced" others to infringe through their advertising, promotional materials, and some website citations. *See* Am. Compl. ¶ 24. Such conclusory allegations fail to present facts that demonstrate: (1) Defendants knew that the alleged acts would infringe, and (2) Defendants knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent. *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7, *21 (finding Plaintiff's "generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient"). To support specific intent, Plaintiff must include specific allegations mapping the advertisement or promotion to the performance of the claimed steps of the patent—i.e., "evidence of culpable conduct, direct to encouraging another's infringement." *Parity*,

2019 WL 3940952, at *2.[3]

Plaintiff's inducement claim should be dismissed because the Amended Complaint is entirely silent on a key requirement of induced infringement.

### 3. Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement

Plaintiff's contributory infringement allegations also fail because Plaintiff did not "'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citation omitted). Plaintiff has not pled a lack of substantial non-infringing uses because it cannot do so. Plaintiff's only allegation on these elements is a conclusory statement that repeats the legal elements. *See* Am. Compl. ¶ 25. As the Federal Circuit held in *Artrip*, conclusory allegations are not enough. 735 F. App'x at 713 (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [Defendant] was aware of the patents or facts to suggest that the [Accused Product] it supplied had no substantial noninfringing use"). Plaintiff's failure to raise a plausible inference of no substantial non-infringing uses is fatal to its contributory infringement claim, and as such it should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's indirect infringement claims in its Amended Complaint, without leave to amend. Pursuant to L.R. CV-7(h), Defendants request an oral hearing on the foregoing motion.

---

[3] *See also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("In no way does the complaint detail *how* an end user would infringe Hypermedia's patents by following instructions in the links provided in the complaint.") (emphasis in original); *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (holding mere citations to websites were insufficient to plead specific intent).

Dated: October 30, 2020        By: */s/ Barry K. Shelton*
                                   Barry K. Shelton
                                   Texas State Bar No. 24055029
                                   bshelton@sheltoncoburn.com
                                   **SHELTON COBURN LLP**
                                   311 RR 620, Suite 205
                                   Austin, TX  78734-4775
                                   Telephone:  512.263.2165
                                   Facsimile:  512.263.2166

                                   Benjamin Hershkowitz
                                   bhershkowitz@gibsondunn.com
                                   Brian A. Rosenthal
                                   brosenthal@gibsondunn.com
                                   Allen Kathir
                                   akathir@gibsondunn.com
                                   Kyanna Sabanoglu
                                   ksabanoglu@gibsondunn.com
                                   **GIBSON, DUNN & CRUTCHER LLP**
                                   200 Park Avenue
                                   New York, NY  10166-0193
                                   Telephone:  212.351.4000
                                   Facsimile:  212.351.4035

                                   Y. Ernest Hsin
                                   ehsin@gibsondunn.com
                                   Jaysen S. Chung
                                   jschung@gibsondunn.com
                                   **GIBSON, DUNN & CRUTCHER LLP**
                                   555 Mission Street, Suite 3000
                                   San Francisco, CA  94105-0921
                                   Telephone:  415.393.8200
                                   Facsimile:  415.393.8306

                                   Ryan K. Iwahashi
                                   riwahashi@gibsondunn.com
                                   **GIBSON, DUNN & CRUTCHER LLP**
                                   1881 Page Mill Road
                                   Palo Alto, CA  94304-1211
                                   Telephone:  650.849.5300
                                   Facsimile:  650.849.5333

                                   *Attorneys for Defendants*

8

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 30, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).

*/s/ Barry K. Shelton*
Barry K. Shelton
