**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>　　　　　Defendants. | Case No. 6:20-cv-00477-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED
COMPLAINT FOR FAILURE TO STATE A CLAIM**

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................................1

II.   ARGUMENT................................................................................................................1

III.  CONCLUSION............................................................................................................5

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
   620 F. App'x 934 (Fed. Cir. 2015) ................................................................................................4

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
   672 F.3d 1335 (Fed. Cir. 2012) ......................................................................................................3

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
   904 F. Supp. 2d 1260 (M.D. Fla. 2012) .........................................................................................3

*Canon, Inc. v. TCL Electronics Holdings Ltd.*,
   No. 2:18-CV-00546-JRG, 2020 WL 1478356 (E.D. Tex. Mar. 25, 2020) .....................................4

*Castlemorton Wireless, LLC v. Bose Corporation*,
   No. 6:20-cv-00029-ADA, D.I. 51 (W.D. Tex. July 22, 2020) ......................................................2

*Motiva Patents, LLC v. Sony Corp.*,
   408 F. Supp. 3d 819 (E.D. Tex. Sept. 27, 2019) .......................................................................4, 5

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018) ..................................................................................................3, 4

*Parus Holdings Inc. v. Apple Inc.*,
   No. 6:19-cv-432, Feb. 20, 2020 D.I. 54 (W.D. Tex. Feb. 20, 2020) .........................................1, 2

*Ricoh Co. v. Quanta Computer Inc.*,
   550 F.3d 1325 (Fed. Cir. 2009) ......................................................................................................5

*Script Security Solutions L.L.C. v. Amazon.com, Inc.*,
   170 F. Supp. 3d 928 (E.D. Tex. 2016) ...........................................................................................4

*Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*,
   645 F. App'x 1018 (Fed. Cir. 2016) ..............................................................................................3

*VLSI Tech. LLC v. Intel Corp.*,
   CV 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) .....................................................3

**TABLE OF ABBREVIATIONS**

| Abbreviation | Term |
|---|---|
| '489 patent | U.S. Patent No. 8,913,489 |
| Amended Complaint or Am. Compl. | First Amended Complaint For Patent Infringement (D.I. 33) |
| Defendants | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| LAG | Link Aggregate Group |
| MC-LAG | Multi-Chassis Link Aggregate Group |
| Original Complaint or Original Compl. | Original Complaint For Patent Infringement (D.I. 1) |
| VFL | Virtual Fabric Link |
| VLT | Virtual Link Trunking |
| WSOU or Plaintiff | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

## I. INTRODUCTION

Plaintiff's indirect infringement allegations are deficient and must be dismissed. This Court has repeatedly ruled that pre-suit knowledge is required for claims of indirect infringement and that prior iterations of a complaint cannot provide this knowledge. Yet, despite this clear precedent, Plaintiff's only basis for knowledge is a prior complaint that was never served. Unable to cure this failure, Plaintiff misdirects from the law of this district and instead spends seven pages discussing various Delaware cases related to indirect infringement and other cases related to the standard for willfulness allegations (which is not at issue in this case). Plaintiff cannot avoid the law of this district with respect to indirect infringement or its failure to adequately allege pre-suit knowledge of the patent.

## II. ARGUMENT

### A. Plaintiff Fails to State a Claim for Indirect Infringement

#### 1. Plaintiff Fails to Plausibly Allege that Defendants Had Pre-Suit Knowledge of the Patent or of Alleged Infringement

As addressed in Defendants' Motion, this Court has expressly held that allegations of knowledge based on a prior filed complaint are not enough to overcome a motion to dismiss. *See* Motion at 3–5 (citing *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex. Feb. 20, 2020)). Plaintiff attempts to avoid this clear precedent by incorrectly asserting that "this Court's ruling in *Parus* was largely based on willfulness arguments" and that "there appears to be no clear holding finding pre-filing knowledge necessary for either indirect infringement or enhanced damages due to willful infringement."[1]

---

[1] Plaintiff's Opposition inexplicably spends two pages describing the knowledge requirement for willfulness for enhanced damages. *See* Opp. at 8–10 (citing cases). Defendants have never mentioned willfulness (as Plaintiff has not alleged it) and have not conflated the standard for willfulness with indirect infringement. Thus this discussion is completely irrelevant.

Opp. at 7-8.  These assertions are disingenuous at best.  The *Parus* transcript, which Plaintiff selectively cites (*see* Opp. at 7-9), makes clear that Defendants argued, and the Court heard, that pre-suit knowledge was necessary for indirect infringement:

> MR. SNYDER [For Google]: . . . Likewise, ***for indirect infringement***, whether it's contributory infringement or inducing infringement, ***the mere notice provided by a complaint shouldn't provide that necessary knowledge*** and intent because merely continuing that conduct after you've been sued doesn't provide that knowledge of or intent to infringe the patent that is required for either of those types of indirect infringement.

*WSOU v. Dell Inc. et al.*, No. 6:20-cv-00477, D.I. 51-1 (*Parus* Tr.) at 23:9-16 (emphasis added) (W.D. Tex. Nov. 13, 2020); *see also id.* at 24:9–14, 50:23–52:24; *Parus*, No. 6:19-cv-432, D.I. 54 (Motion to Dismiss) at 13 (arguing "knowledge as a result of the plaintiff's lawsuit is 'insufficient to plead the requisite knowledge for indirect infringement'" (citation omitted)).  Thus, this Court considered the lack of pre-suit knowledge for indirect infringement and granted Defendant's motion to dismiss its indirect infringement claims.  *See Parus*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54.  Further, if there was any confusion post *Parus*, this Court has held that pre-suit knowledge is required in cases that did *not* involve claims of willful infringement.  *See, e.g.*, *Castlemorton Wireless, LLC v. Bose Corporation*, No. 6:20-cv-00029-ADA, D.I. 51 at 10–11 (W.D. Tex. July 22, 2020) (granting "Bose's motion to dismiss Castlemorton's indirect infringement claims" because "Castlemorton's complaint does not plead any facts that would support an allegation of pre-suit knowledge").[2]

Moreover, contrary to Plaintiff's assertion, this Court's holdings in *Castlemorton* and *Parus* are not at odds with Federal Circuit precedent.  *See* Opp. at 8–11.  Plaintiff relies on *Aspex*

---

[2]   Plaintiff's citation to *Parity* is not persuasive as this Court has repeatedly addressed indirect infringement claims on motions to dismiss.  *See* Opp. at 7 (citing *Parity Networks, LLC v. Cisco Systems, Inc.*, No. 6-19-cv-00207, Dkt. 23, at 3–4 (W.D. Tex. July 26, 2019)).

*Eyewear* and *Target Training*, to assert that pre-suit knowledge should not be required for indirect infringement because it, in effect, limits claims to pre-suit conduct. *See id.* Neither of these cases touch on this issue. Both cases stand for the proposition that "res judicata will not be applied to" claims that accrue during the pendency of a lawsuit "if the party elects not to have them included in the action." *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1345 (Fed. Cir. 2012); *see Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*, 645 F. App'x 1018, 1026 (Fed. Cir. 2016). Requiring sufficient pleadings of pre-suit knowledge is not in any tension with the idea that a patentee may pursue claims for infringement that continues beyond the case filing or that *res judicata* will not apply to these claims. Thus, this Court's precedent is fully consistent with Federal Circuit precedent and with the knowledge requirement itself. *See Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268–69 (M.D. Fla. 2012).

Despite Plaintiff's attempts, it cannot ignore the law of *this* Court and *this* district.[3] Like the allegations in *Parus*, WSOU's allegations of knowledge are limited to references to a prior filed complaint and thus fail to state a claim for indirect infringement. *See* Motion at 4–6. And, to make matters worse, this prior complaint was never served and thus it cannot provide the basis for pre-suit knowledge, especially since the Amended Complaint at issue here does not even allege that Defendants were provided a copy of the unserved complaint. *See id.* As such, Plaintiff's

---

[3]   Plaintiff's Opposition (at 7–11) spends five pages discussing Delaware and E.D. Texas case law and distinguishing *VLSI Tech. LLC v. Intel Corp.*, CV 18-966-CFC, 2019 WL 1349468, (D. Del. Mar. 26, 2019). Like its analysis regarding willfulness, this entire discussion is irrelevant. The law of this Court and this district is clear. The knowledge requirement for indirect infringement requires pre-suit knowledge and this knowledge cannot be based on a prior iteration of the complaint. *See* Motion at 12–14. Moreover, Plaintiffs' own case, *Nalco Co. v. Chem-Mod, LLC*, actually suggests that allegations of pre-suit knowledge are required for indirect infringement. *See* 883 F.3d 1337, 1357 (Fed. Cir. 2018) (holding the knowledge requirement for contributory infringement was satisfied where plaintiff "pled facts to show Defendants' knowledge, ***prior to filing of the suit***, of the '692 patent.")  (emphasis added).

3

failure to raise a plausible inference of pre-suit knowledge of the patent and knowledge of infringement is fatal to its indirect infringement claims, and these claims should be dismissed.

### 2. Plaintiff Fails to Plead Facts That Plausibly Show the Defendants Had a Specific Intent to Cause Another to Directly Infringe

Plaintiff's Opposition merely repeats its conclusory allegation that Defendants induce infringement by "advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products." Opp. at 10 (quoting Am. Compl., ¶ 30). Notably, Plaintiff has *no response* to Defendants' assertion that it has not presented any facts to support this statement or any "facts that would allow a court to reasonably infer that Defendants had the *specific intent* to induce infringement."[4] *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (emphasis added). Plaintiff's conclusory allegations are directed to—if anything—general intent to cause acts of infringement, but are simply not enough to sufficiently plead *specific* intent. *See* Motion at 6–7.

---

[4] Plaintiff's cited cases (*see* Opp. at 10–11), are all distinguishable for the simple reason that the pleadings at issue in those cases contained more than a single conclusory statement that Defendants generally instruct users how to configure their products. *See Nalco*, 883 F.3d at 1355 (finding "[t]he 4AC alleges facts that plausibly show Defendants specifically intended their customers to infringe"); *Script Security Solutions L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 936–37 (E.D. Tex. 2016) (finding facts relating to pre-suit knowledge and willful blindness that supported induced infringement); *Canon, Inc. v. TCL Electronics Holdings Ltd.*, No. 2:18-CV-00546-JRG, 2020 WL 1478356, *5–*6 (E.D. Tex. Mar. 25, 2020) (finding allegations that the "creation and dissemination" of certain documents "with knowledge and the specific intent that their efforts will result in the direct infringement" supported specific intent); *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819 (E.D. Tex. Sept. 27, 2019) (finding allegations of a contractual relationship, directing customers, and advertising where "Defendant is aware that the normal and customary use of the accused products by Defendant's customers would infringe the Asserted Patent" supported specific intent).

### 3. Plaintiff Has No Factual Basis to Allege That the Asserted Products Have No Substantial Non-infringing Uses

There are specific non-infringing uses—*i.e.*, that the Accused Products may be configured to not use Virtual Link Trunking—and the accused features are disabled by default. Plaintiff's only response is a non-response claiming that it "has alleged that there are at least one or more components of the accused products that are especially made or adapted for infringing the '489 patent and have no substantial noninfringing use." Opp. at 15. As Plaintiff's own Amended Complaint makes clear, the Accused Products can potentially infringe only if they are configured to use Virtual Link Trunking. Thus, Plaintiff cannot plead facts to support a plausible inference of no substantial non-infringing uses and its contributory infringement claim should be dismissed.[5]

## III. CONCLUSION

For the foregoing reasons and the reasons in Defendants opening brief, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's indirect infringement claims in its Amended Complaint with prejudice. Pursuant to L.R. CV-7(h), Defendants request an oral hearing on the foregoing motion.

---

[5] Again, Plaintiff's cited cases are inapplicable. *See* Opp. at 11–12. This case is not like *Ricoh* or *Motiva* where the accused feature was imbedded in some large product with additional features or where the accused software had other uses. *See Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2009); *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819 (E.D. Tex. Sept. 27, 2019). Here, features that are required to even begin to practice the claimed method (Virtual Link Trunking) are disabled by default.

| | |
|---|---|
| Dated:  November 20, 2020 | By:  */s/ Barry K. Shelton* |

                                              Barry K. Shelton
Texas State Bar No. 24055029
bshelton@sheltoncoburn.com
**SHELTON COBURN LLP**
311 RR 620, Suite 205
Austin, TX  78734-4775
Telephone:  512.263.2165
Facsimile:  512.263.2166

Benjamin Hershkowitz
bhershkowitz@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
Allen Kathir
akathir@gibsondunn.com
Kyanna Sabanoglu
ksabanoglu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Y. Ernest Hsin
ehsin@gibsondunn.com
Jaysen S. Chung
jschung@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Ryan K. Iwahashi
riwahashi@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendants*

6

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 20, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).

*/s/ Barry K. Shelton*
Barry K. Shelton
