# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

|  |  |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>       Plaintiff,<br><br>  v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br>       Defendants. | Case No. 6:20-cv-00477-ADA<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' STIPULATION OF INVALIDITY CONTENTIONS FOR U.S. PATENT NO. 8,913,489

i

On December 4, 2020, Defendants Dell Technologies Inc., Dell Inc., and EMC Corp. (collectively, "Defendants") will file petition No. IPR2021-00272 with the Patent Trial and Appeal Board ("the Board"), requesting *inter partes* review of U.S. Patent No. 8,913,489 ("the '489 patent").

The petition asserts four grounds of invalidity:

1.  Claims 1–3, 5–9, 11–15, 19, 20 of the '489 patent are anticipated under 35 U.S.C. § 102 by U.S. Patent No. 7,639,605 to Narayanan et al. ("Narayanan").

2.  Claims 1–20 of the '489 patent are obvious under 35 U.S.C. § 103 over Narayanan in view of U.S. Patent Pub. No. 2005/0063395 to Smith et al. ("Smith") and U.S. Patent No. 5,959,968 to Chin et al. ("Chin").

3.  Claims 4, 10, 18 of the '489 patent are obvious under 35 U.S.C. § 103 over Narayanan in view of U.S. Patent No. 8,503,329 to Mullooly et al. ("Mullooly").

4.  Claims 15–20 of the '489 patent are obvious under 35 U.S.C. § 103 over Narayanan in view of U.S. Patent No. 7,610,405 to Moberg et al. ("Moberg") and Mullooly.

Defendants hereby stipulate that, if the Board institutes *inter partes* review on IPR2021-00272, then Defendants will not assert invalidity of claims 1–20 of the '489 patent in this case based on any of the four grounds listed above, or on any other grounds involving the Narayanan, Smith, Chin, Mullooly, and Moberg references alone or in combination with any other patent or printed publication.

This stipulation is not intended and should not be construed to limit Defendants' ability to assert invalidity of the claims of the '489 patent based on prior art not consisting of patents or printed publications, alone or in combination with any other reference whatsoever. Likewise, this stipulation is not intended and should not be construed to limit Defendants' ability to assert

1

invalidity of the claims of the '489 patent based on any prior art other than the Narayanan, Smith, Chin, Mullooly, and Moberg references.

Dated:  December 4, 2020

By:  */s/ Barry K. Shelton*
    Barry K. Shelton
    Texas State Bar No. 24055029
    bshelton@sheltoncoburn.com
    **SHELTON COBURN LLP**
    311 RR 620, Suite 205
    Austin, TX  78734-4775
    Telephone:  512.263.2165
    Facsimile:  512.263.2166

    Benjamin Hershkowitz
    bhershkowitz@gibsondunn.com
    Brian A. Rosenthal
    brosenthal@gibsondunn.com
    Allen Kathir
    akathir@gibsondunn.com
    Kyanna Sabanoglu
    ksabanoglu@gibsondunn.com
    **GIBSON, DUNN & CRUTCHER LLP**
    200 Park Avenue
    New York, NY  10166-0193
    Telephone:  212.351.4000
    Facsimile:  212.351.4035

    Y. Ernest Hsin
    ehsin@gibsondunn.com
    Jaysen S. Chung
    jschung@gibsondunn.com
    **GIBSON, DUNN & CRUTCHER LLP**
    555 Mission Street, Suite 3000
    San Francisco, CA  94105-0921
    Telephone:  415.393.8200
    Facsimile:  415.393.8306

    Ryan K. Iwahashi
    riwahashi@gibsondunn.com
    **GIBSON, DUNN & CRUTCHER LLP**
    1881 Page Mill Road
    Palo Alto, CA  94304-1211
    Telephone:  650.849.5300
    Facsimile:  650.849.5333

    *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 4th day of December 2020, the foregoing was filed electronically in compliance with Local Rule CV-5(b)(1) and served via the Court's electronic filing system on all counsel who have consented to electronic service.

*/s/ Barry K. Shelton*
Barry K. Shelton
