

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/262,834 | 10/03/2002 | Christoph Ochsner | Q71917 | 4684 |

7590    10/03/2006

SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, DC  20037-3213

| EXAMINER |
|---|
| JUNG, MIN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2616 | |

DATE MAILED: 10/03/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 10/262,834 | OCHSNER, CHRISTOPH |
| | Examiner | Art Unit |
| | Min Jung | 2663 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

# Period for Reply

**A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE *3* MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.**
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on *03 October 2002*.
2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) *1-7* is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) *1-7* is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12) ☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☒ All   b) ☐ Some *   c) ☐ None of:
    1. ☒ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-SB/08)
    Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

Application/Control Number: 10/262,834                                                          Page 2
Art Unit: 2663

## DETAILED ACTION

### *Claim Rejections - 35 USC § 112*

1.  The following is a quotation of the first paragraph of 35 U.S.C. 112:

    The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

2.  Claims 1-7 are rejected under 35 U.S.C. 112, first paragraph, as failing to comply with the enablement requirement. The claim(s) contains subject matter which was not described in the specification in such a way as to enable one skilled in the art to which it pertains, or with which it is most nearly connected, to make and/or use the invention. The present invention recites 'the network node removing the majority of the protocol data from the data stream'. However, the specification does not teach any details regarding the portion (majority) of the protocol data removed. Specification describes that there are four protocol processing units PL1 to PL4 which process the communication protocols of layers 1, 2, 3, and 4. It is not clearly understood what are the protocol data that are removed. First of all, it is not clearly taught if the 'protocol processing' is the same function as the 'protocol data removal', and if 'protocol data removal' is only a part of 'protocol processing' function, then the protocol processing function need to be described in full for the system to be enabling. It seems that the invention need to include some further processing of overhead information rather than simply removing the protocol data. Regarding the ambiguity of the term "majority", it is not described whether the term "majority" means more than half of the bytes from the

Application/Control Number: 10/262,834 Page 3
Art Unit: 2663

header is removed, more than half of the layer-specific information from the seven layer protocol is removed, or something else?

3. The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

4. Claims 1-7 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

Claims 1-7 are indefinite in that the claim recitation is not in conformance with standard idiomatic English. Further, the sentences (and/or phrases and clauses) are tangled, and therefore, unclear in meaning.

## *Claim Rejections - 35 USC § 102*

5. The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (e) the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.

6. Claims 1 and 5 are rejected under 35 U.S.C. 102(e) as being anticipated by Huitema et al., US 2002/0073215 (Huitema).

Huitema discloses a method and system fro transmitting encapsulated Ipv6 data packets. Regarding the present claims, Huitema teaches transmission of data via a

Application/Control Number: 10/262,834 Page 4
Art Unit: 2663

communications network (Internet 320) to a terminal (terminals 340, 350, or 360) via network node (DSL modem 390 and Ipv4/Ipv6 filter 410). When data stream is received which consists of useful data and protocol data (Ipv6 data packet embedded in Ipv4 data packet), the network node (DSL modem 390 and Ipv4/Ipv6 filter 410) removes some of the protocol data from the data stream (the Ipv4 header information and all other data relating to the Ipv4 packet are stripped), and the remaining data is switched in the direction of the terminal. See paragraphs [0023] – [0025].

### Claim Rejections - 35 USC § 103

7.  The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

8.  Claims 2-4, and 6-7 are rejected under 35 U.S.C. 103(a) as being unpatentable over Huitema in view of Jonsson et al., US 2002/0146000 (Jonsson).

Regarding claims 2 and 6, Huitema fails to specifically teach the processing of protocol layers 1 to 4. Huitema, however, specifically teaches the processing of network layer packet (layer 3) since Ipv4/Ipv6 header processing is disclosed. Processing of protocol layers at a network node such as switches and network interfaces is well known in the art. Jonsson shows protocol stack at terminal side and network side illustrating layer 1 (physical layer), layer 2 (data link layer 120, 150), layer 3 (network layer 125, 130, 135, 155, 160, and 165), and layer 4 (140). See Fig. 1. Depending on

Application/Control Number: 10/262,834 Page 5
Art Unit: 2663

the design and need of the system, a different number of layers are processed by a node. Therefore, it would have been obvious for one of ordinary skill in the art at the time of the invention to implement the teaching of Huitema by employing the protocol layer processing of up to layer 4 as shown by Jonsson and also as widely known in the field of the invention, to perform the processing of the protocols of layers 1 to 4 to provide the output as an application ready data.

Regarding claims 3 and 7, Huitema fails to specifically teach the communication being performed on a point-to-point protocol. Jonsson, however, teaches point-to-point protocol. See [0006]. It would have been obvious for one of ordinary skill in the art at the time of the invention to implement the teaching of Huitema by employing the well-known point-to-point protocol to satisfy the network need.

Regarding claim 4, the combined teaching of Huitema and Jonsson is silent on the proportion of the received which is reduced by the protocol processing. The amount of reduction (or removal) would have been within design options a person having ordinary skill in the art would have. Therefore, it would have been obvious for one of ordinary skill in the art at the time of the invention to choose to have what portion of the protocol data removed depending on different results needed for the network.

## Conclusion

9. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure. The Gioquindo et al. PG Pub., the Milton et al. patent, the Hsu

Application/Control Number: 10/262,834 Page 6
Art Unit: 2663

PG Pub., the Chuah et al. patent, and the Tal et al. patent, are cited for further references.

10. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Min Jung whose telephone number is 571-272-3127. The examiner can normally be reached on Monday through Friday 9:00 - 5:00.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Wellington Chin can be reached on 571-272-3134. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

MJ
September 30, 2006

Min Jung
Primary Examiner