

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/262,834 | 10/03/2002 | Christoph Ochsner | Q71917 | 4684 |

7590     10/05/2007
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, DC 20037-3213

| EXAMINER |
|---|
| JUNG, MIN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2616 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 10/05/2007 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 10/262,834 | OCHSNER, CHRISTOPH |
| | Examiner | Art Unit |
| | Min Jung | 2616 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

**A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _3_ MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.**
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on _16 August 2007_.
2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) _1-9_ is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) _1-9_ is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12) ☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a)☒ All   b)☐ Some * c)☐ None of:
       1. ☒ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____.
       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

Application/Control Number: 10/262,834 Page 2
Art Unit: 2616

## DETAILED ACTION

### *Claim Rejections - 35 USC § 112*

1.  The following is a quotation of the second paragraph of 35 U.S.C. 112:

    The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

2.  Claims 1-4, and 8 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

    In claim 1, line 7, it is not clear what is meant by "switching the remaining data stream to be transmitted one of the terminals"; it seems that a "to" should be inserted after "transmitted".

### *Claim Rejections - 35 USC § 103*

3.  The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

    (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

4.  Claims 1-9 are rejected under 35 U.S.C. 103(a) as being unpatentable over Derks et al., US 6,925,092 (Derks).

    Derks discloses communication system and method in which a header addition and header removal is taught.

Regarding the present invention, Derks teaches a method for transmission of data via a communication network, the method comprising: receiving, at a network node connected with two or more terminals, a data stream from the communication network, wherein the data stream comprises useful data and protocol data (the communication station on the receiving side receives the data packets including the associated headers, see col. 3, lines 40-41); removing, at the network node, the protocol data of a portion of protocol layers from the received data stream (the IP header, the UDP header, and the RTP header are removed at the receiving node, col. 3, lines 43-46); and switching the remaining data stream to be transmitted to one of the terminals (col. 3, lines 46-47). Also, see col. 6, lines 5-40.

Derks, while teaching the invention as outlined above, fails to specifically teach that the communication network is a bus system. Derks teaches communication system as shown in Fig. 2 which shows transmission channel 19 which provides connection between the two communication stations (col. 3, lines 48-65). However, Derks does not specify what kind of network is utilized for providing the transmission channel.

In describing a bus system, the present specification seem to construe a system which does not include any active components such as switching nodes, gateways, routers, and bridges. See [0017]. Therefore, by reciting a bus system, the invention is defined within the context of a simple bus network not involving any switching or routing.

Therefore, given the teaching of Derks, it would have been obvious for one of ordinary skill in the art at the time of the invention to implement the teaching by adopting

Application/Control Number: 10/262,834 Page 4
Art Unit: 2616

a bus system as a network choice since such would be the most basic type of network on which the teaching can be implemented.

Regarding claims 2, 4, 6, 8, and 9, Derks fails to specifically teach the removal of protocol data of layers 1 to 4. However, Derks teaches removal of IP header, UDP header, and RTP header. Therefore, it would have been obvious for one of ordinary skill in the art at the time of the invention to apply the removal scheme up to any desired layer in the protocol stack.

Regarding claims 3 and 7, Derks fails to specify a multiple access protocol or a point-to-point protocol for use in communication. However, it only makes sense to utilize a multiple access protocol when a multiple nodes are interconnected by a network, and to utilize a point-to-point protocol when the node is serving a multiple end stations as illustrated in Fig. 2 of Derks. Therefore, it would have been obvious for one of ordinary skill in the art at the time of the invention to adopt a multiple access protocol for the communication of station with the network, and to adopt a point-to-point protocol for the communication between the station and the end stations in implementing Derks' system to provide most appropriate protocol according to the nature of the connection.

*Response to Arguments*

5. Applicant's arguments, see pages 7-9, filed June 25, 2007, with respect to the rejection(s) of claim(s) 1-7 under 35 USC 102 and 35 USC 103 have been fully considered and are persuasive. Therefore, the rejection has been withdrawn.

Application/Control Number: 10/262,834 Page 5
Art Unit: 2616

However, upon further consideration, a new ground(s) of rejection is made in view of Derks et al. See above.

## *Conclusion*

6.    The prior art made of record and not relied upon is considered pertinent to applicant's disclosure. The Choi et al. Patent, the Minami et al. Patent, the Sasagawa et al. Patent, the Balachandran et al patent, the Araujo et al. Patent, and the Chuah et al. patent, are cited for further references.

7.    Any inquiry concerning this communication or earlier communications from the examiner should be directed to Min Jung whose telephone number is 571-272-3127. The examiner can normally be reached on Monday through Friday 9:00 - 5:00.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Firmin Backer can be reached on 571-272-6703. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 10/262,834    Page 6
Art Unit: 2616

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

MJ
September 21, 2007

Min Jung
Primary Examiner