PATENT APPLICATION

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of | Docket No: Q71917 |
| Christoph OCHSNER | |
| Appln. No.: 10/262,834 | Group Art Unit: 2616 |
| Confirmation No.: 4684 | Examiner: Min Jung |
| Filed: October 3, 2002 | |
| For:   NETWORK NODES | |

<u>**AMENDMENT UNDER 37 C.F.R. § 1.111**</u>

**MAIL STOP AMENDMENT**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

      In response to the Office Action dated October 5, 2007, please amend the above-identified application as follows on the accompanying pages.

## TABLE OF CONTENTS

AMENDMENTS TO THE CLAIMS..................................................................................2

REMARKS........................................................................................................................5

AMENDMENT UNDER 37 C.F.R. § 1.111          Attorney Docket No.: Q71917
Application No.: 10/262,834

**AMENDMENTS TO THE CLAIMS**

**This listing of claims will replace all prior versions and listings of claims in the application:**

**LISTING OF CLAIMS:**

1. (currently amended): A method for transmission of data via a communication network the method comprising:

receiving, at a network node connected with two or more terminals, a data stream from the communication network, wherein the data stream comprises useful data and protocol data;

removing, at the network node, the protocol data of a portion of protocol layers from the received data stream; and

switching the remaining data stream to be transmitted to one of the terminals,

wherein the communication network is a bus system, and

wherein only one IP address is allocated to allocated to the network node for each of the two or more terminals connected to the network node.


2. (previously presented): The method according to claim 1, wherein the removing the protocol data comprises removing protocol data of communication protocols of layers 1 to 4 for the terminals connected to the network node.


3. (previously presented): The method according to claim 1, wherein the network node communicates with the communication network via a multiple access protocol and the network node communicates with the terminals via a point-to-point protocol.

2

AMENDMENT UNDER 37 C.F.R. § 1.111                               Attorney Docket No.: Q71917
Application No.: 10/262,834

4. (previously presented): The method according to claim 1, wherein a scope of the protocol data of the remaining stream is reduced by more than half in comparison with a scope of the protocol data of the received data stream.

5. (currently amended): A network node comprising:

a first interface for connecting the network node with two or more terminals;

a second interface for connecting the network node with a communication network; and

a control unit which removes protocol data from a portion of protocol layers from a data stream received from the communication network via the second interface, the data stream comprising useful data and the protocol data, and switches a remaining data stream to be transmitted to one of the terminals via the first interface,

wherein the communication network is a bus system<u>, and</u>

<u>wherein only one IP address is allocated to allocated to the network node for each of the two or more terminals connected to the network node</u>.

6. (previously presented): The network node according to claim 5, wherein the control device removes the protocol data of communication protocols of layers 1 to 4 for the terminals connected with the network node and switches the remaining data stream reduced by the protocol data of the communication protocols of the layers 1 to 4 to the terminal concerned be transmitted the one of the terminals.

AMENDMENT UNDER 37 C.F.R. § 1.111          Attorney Docket No.: Q71917
Application No.: 10/262,834

7. (previously presented): The network node according to claim 5, wherein the control device is also configured to transmit the remaining data stream to the terminal via a point-to-point protocol.

8. (previously presented): The method according to claim 2, wherein the protocol data is structured according to an Open Systems Interconnection (OSI) model comprising the layers 1 to 4.

9. (previously presented): The method according to claim 6, wherein the protocol data is structured according to an Open Systems Interconnection (OSI) model comprising the layers 1 to 4.

AMENDMENT UNDER 37 C.F.R. § 1.111　　　　　　　　　Attorney Docket No.: Q71917
Application No.: 10/262,834

# REMARKS

Reconsideration and allowance of the subject application are respectfully requested. Claims 1-9 are all the claims pending in the application. Applicant submits the pending claims define patentable subject matter.

### *Claim Rejections - 35 USC § 112*

Claims 1-4, and 8 are rejected under 35 U.S.C. 112, second paragraph, for a minor informality. Applicant submits that the informality noted by the Examiner is obviated by the amendment to independent claim 1 made herein. Therefore, Applicant respectfully requests that the Examiner reconsider and withdraw the rejection.

### *Claim Rejections - 35 USC § 103*

Claims 1-9 are rejected under 35 U.S.C. 103(a) as being unpatentable over Derks et al. (US 6,925,092; hereinafter "Derks"). Applicant respectfully traverses the rejection.

Independent claim 1 is directed to a method for transmission of data via a communication network, and recites, in part:

> wherein only one IP address is allocated to allocated to the network node for each of the two or more terminals connected to the network node.[1]

Derks, on the other hand, fails to disclose or suggest these unique features. Indeed, Applicant submits that the prior art of record is completely silent as to the above-noted features

---

[1] Applicant submits that the amendment to claim 1 is fully supported by the Specification; *see e.g.*, the fourth full paragraph on page 7 of the Specification.

5

| | |
|---|---|
| AMENDMENT UNDER 37 C.F.R. § 1.111 | Attorney Docket No.: Q71917 |
| Application No.: 10/262,834 | |

of the claimed invention. Consequently, Applicant submits that the rejection is deficient in this regard.

Accordingly, Applicant submits that independent claim 1 is patentable over the prior art of record for at least these reasons. Similarly, Applicant submits that independent claim 5 is patentable for analogous reasons. Further, Applicant submits that dependent claims 2-4 and 6-9 are patentable, at least by virtue of their dependency on claims 1 and 5.

### *Conclusion*

In view of the above, reconsideration and allowance of this application are now believed to be in order, and such actions are hereby solicited. If any points remain in issue which the Examiner feels may be best resolved through a personal or telephone interview, the Examiner is kindly requested to contact the undersigned at the telephone number listed below.

The USPTO is directed and authorized to charge all required fees, except for the Issue Fee and the Publication Fee, to Deposit Account No. 19-4880. Please also credit any overpayments to said Deposit Account.

Respectfully submitted,

Mark C. Davis
Registration No. 60,552

SUGHRUE MION, PLLC
Telephone: (202) 293-7060
Facsimile: (202) 293-7860

WASHINGTON OFFICE
**23373**
CUSTOMER NUMBER

Date: February 4, 2008

6