# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, § § § § § § § § § § § § § §<br><br>Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>Defendants. | CIVIL ACTION 6:20-CV-00477-ADA<br>CIVIL ACTION 6:20-CV-00482-ADA<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S REPLY CLAIM CONSTRUCTION BRIEF

i

## TABLE OF CONTENTS

I.  U.S. Patent No. 7,424,020 (Case No. 6:20-cv-00482) ......................................................... 1

   A. "removing, at the network node, the protocol data of a portion of protocol layers from the received data stream" (claim 1) / "removes protocol data from a portion of protocol layers from a data stream" (claim 6) ........................................................................................................... 1

   B. "a control unit which removes protocol data from a portion of protocol layers from a data stream …. and switches a remaining data stream to be transmitted to one of the terminals via the first interface" (Claim 6) ..................................................................................................... 1

      1. The term is not indefinite under *IPXL* ....................................................... 1

      2. The term is not subject to 35 U.S.C. §112, ¶6 ........................................... 3

   C. "bus system" ............................................................................................... 4

II. U.S. Patent No. 8,913,489 (Case No. 6:20-cv-00477) ......................................................... 4

   A. "the first set of port interfaces of the multi-chassis link aggregate" ................. 4

## TABLE OF AUTHORITIES

**Cases**

*3M Innovative Properties Co. v. Avery Dennison Corp.*,
  350 F.3d 1365 (Fed. Cir. 2003)......................................................................................... 4

*Canon, Inc. v. TCL Elecs. Holdings Ltd.*,
  2:18-CV-546-JRG, 2020 WL 2098197 (E.D. Tex. May 1, 2020) ............................... 3

*Enzo Biochem, Inc. v. Applera Corp.*,
  599 F.3d 1325 (Fed. Cir. 2010)......................................................................................... 5

*InterDigital Communications, LLC v. Int'l Trade Comm'n*,
  690 F.3d 1318 (Fed. Cir. 2012)......................................................................................... 1

*Johnson Worldwide Assoc., Inc. v. Zebco Corp.*,
  175 F.3d 985 (Fed. Cir. 1999)........................................................................................... 1

*MasterMine Software, Inc. v. Microsoft Corp.*,
  874 F.3d 1307 (Fed. Cir. 2017)......................................................................................... 2

*SmithKline Beecham Corp. v. Apotex Corp.*,
  403 F.3d 1331 (Fed. Cir. 2005)......................................................................................... 1

**Rules**

37 C.F.R. § 42.104(b)(4).......................................................................................................... 5

**Abbreviations**

| Abbreviation | Description |
|:---:|---|
| Br. | Plaintiff's Opening Claim Construction Brief |
| POSITA | Person of ordinary skill in the art |
| Resp. | Defendants' Responsive Claim Construction Brief |
| '020 patent | U.S. Patent No. 7,424,020 |
| '489 patent | U.S. Patent No. 8,913,489 |

I.   **U.S. Patent No. 7,424,020 (Case No. 6:20-cv-00482)**

   A.   **"removing, at the network node, the protocol data of a portion of protocol layers from the received data stream" (claim 1) / "removes protocol data from a portion of protocol layers from a data stream" (claim 6)**

Dell acknowledges that the word "portion" has a plain and ordinary meaning but then contradicts itself by maintaining that the term is indefinite. *See* Resp. at 2-5. ***First***, Dell claims that the claims do not "fully inform a POSA about the meaning of 'a portion.'" *See id.* at 2. Dell's argument ignores that "[g]eneral descriptive terms will ordinarily be given their full meaning; modifiers will not be added to broad terms standing alone." *InterDigital Communications, LLC v. Int'l Trade Comm'n*, 690 F.3d 1318, 1325 (Fed. Cir. 2012) (cleaned up). Thus, there is no need for the claim to "inform" as Dell contends because a POSITA would understand that "portion" (a general descriptive term) should be given its plain and ordinary meaning without any modifiers.

***Second***, Dell argues that the "specification provides no further clarity," pointing to the specification that describes various embodiments. Resp. at 3. Dell confuses breadth with indefiniteness. *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331, 1341 (Fed. Cir. 2005) ("[B]readth is not indefiniteness."); *accord Johnson Worldwide Assoc., Inc. v. Zebco Corp.*, 175 F.3d 985, 991 (Fed. Cir. 1999) ("Varied use of a disputed term in the written description demonstrates the breadth of the term rather than providing a limited definition."). Here, the portions of the specification cited by Dell merely demonstrate breadth, not indefiniteness.

***Third***, with respect to prosecution history, Dell's suggestion that the applicants were obligated to expressly define a readily understood term, such as "portion," borders on the absurd. *See* Resp. at 4. There was no reason for the applicants to expressly define "portion" when a POSITA would have understood that term.

   B.   **"a control unit which removes protocol data from a portion of protocol layers from a data stream …. and switches a remaining data stream to be transmitted to one of the terminals via the first interface" (Claim 6)**

   1.   **The term is not indefinite under *IPXL***

Dell refuses to acknowledge the *MasterMine* case, which clarified and limited *IPXL* indefiniteness. *See* Resp. at 6-7. Instead, Dell makes three meritless arguments. ***First***, Dell attempts

1

to invoke *IPXL* indefiniteness "[b]ecause claim 6 recites a method step with an apparatus claims." As WSOU had noted (Br. at 5), however, the Federal Circuit has rejected Dell's rationale. *MasterMine Software, Inc. v. Microsoft Corp.*, 874 F.3d 1307, 1316 (Fed. Cir. 2017) (clarifying post-*IPXL* that claims are not indefinite "merely [because the] claim that the system 'possess[es] the recited structure [which is] capable of performing the recited functions.'").

**Second**, Dell also argues that WSOU has not explained how the words "which removes" in claim 6 indicates capability. *See* Resp. at 7. The answer to Dell's question is self-evident: the word "which" signals that the control unit claims an apparatus with particular capabilities (*i.e.*, "remov[ing]" and "switch[ing]"). *See MasterMine*, 874 F.3d at 1315 (discussing claims were "unlike those in *IPXL* … because they 'do not reflect an attempt to claim both an apparatus and a method, but instead claim an apparatus with particular capabilities.'").[1] The term here is even less subject to *IPXL* compared to the claim term in *MasterMine*. *See id.* at 1315 (claiming "reporting module installed within the CRM software application ***presents*** a set … , ***receives*** from the user…"). Notably, in *MasterMine*, the claim recited an apparatus (the "reporting module") that is directly linked to the verb capabilities ("presents," "receives," etc.). *See id.* Nevertheless, *MasterMine* found those actions mere capabilities. *See id.* Here, the word "which" makes the capability even more clear (i.e., the claim does not recite "control unit removes and switches").

**Third**, WSOU noted that *IPXL* indefiniteness does not apply when the claims "focus on the capabilities of the system," as opposed to the claims in *IPXL* that "focus on specific actions performed by the user." Br. at 5 (quoting *MasterMine*, 874 F.3d at 1316). Here, the claims are focused on the capabilities of the system; the term "user" is not even recited in the claims as it was in *IPXL*. Dell refuses to address *MasterMine* by name and instead points to the district court case. Resp. at 7. Dell's district court opinion cannot overrule *MasterMine*. Dell tacitly concedes that the claims do not recite any user actions, nor can they as they lack any reference to "user."

---

[1] Dell's position that "which removes" does not indicate capability conflicts with its position in its alternative construction. *See* Resp. at 8 ("the claim describes 'control unit' solely based on its functionality"). Dell's concession of functionality imputes capability.

### 2. The term is not subject to 35 U.S.C. §112, ¶6

The term is not subject to §112, ¶6 because the term "control unit" would connote sufficient structure to a POSITA based on the claim language and specification. *See* Br. at 5-6. Moreover, the term "control unit" has been found to recite specific structure in a case very similar to the issue here. *See id.* at 6 (citing *Canon, Inc. v. TCL Elecs. Holdings Ltd.*, 2:18-CV-546-JRG, 2020 WL 2098197, at *15 (E.D. Tex. May 1, 2020)). In *Canon*, the district court found the term "control unit" to have sufficient structure based on three factors: (i) an extrinsic dictionary definition of "control unit" that "strongly supports" a connotation of definite structure to a POSITA; (ii) "specific description of the operation of the control unit with the claim further avoids a finding of a means-plus-function limitation;" and (iii) "the 'control' modifier imparts structural significance to the term [unit]." *Canon*, 2020 WL 2098197, at *15. Dell unilaterally declares *Canon* "inapposite" because Canon also looked at the applicant's intentions during prosecution history, and that was not a factor here. But Dell then goes onto argue that the applicant's intentions are irrelevant. Resp. at 9. *Canon* made clear that prosecution history was only a "further" reason not to invoke §112, ¶6. Even if Dell is correct that applicant's intentions are irrelevant (WSOU does not agree), it would not undermine bases (i)-(iii) of the *Canon* holding.

Dell also wrongly claims that WSOU "reli[es] on a dictionary, which it did not disclose, produce, or attach as an exhibit" and it "should be stricken." Resp. at 9 n.7. WSOU merely cited a public Eastern District of Texas opinion that references a dictionary definition. *Canon*, 2020 WL20981797, at *15 (citing Microsoft Corporation, Microsoft Computer Dictionary (5th ed. 2002), at 128 (defining "control unit" as "***[a] device or circuit*** that performs an arbitrating or regulating function.")). WSOU did not disclose the Microsoft Computer Dictionary definition because the *Canon* opinion (which referenced the Microsoft Computer Dictionary) was publicly-available legal authority. Dell also fails to explain how the Microsoft Computer Dictionary "should be stricken" when Dell acknowledges that WSOU did not attach the definition as an exhibit. *See* Resp. at 9.

3

### C. "bus system"

***First***, the specification contradicts Dell's construction. The specification describes "[p]referably the communication network KN is a bus system." '020 patent at 2:29. To avoid the possibility of "bus system" being unnecessarily restricted (as Dell now attempts), the specification then goes onto expressly clarify that it is "possible" that the "communication network KN [which is previously disclosed as preferably a bus system] comprises active components, such as switching nodes, gateways, routers, [sic] bridges." *Id.* at 2:29-32. Dell reads the same passage as distinguishing "bus system" from systems including "active components." Resp. at 10. But Dell misreads the specification. The specification is stating that the communication network KN can be both a (a) "bus system" and (b) "[i]t is however also possible" for communication network KN to include "active components such as switching nodes, gateways, routers, [or] bridges." '020 patent at 2:29-32. There is no suggestion that (a) and (b) were being contrasted as Dell suggests.

***Second,*** pointing to a non-precedential Federal Circuit opinion, Dell misstates the law that acquiescence can amount to disclaimer. This is contrary to the law. "An applicant's silence in response to an examiner's characterization of a claim does not reflect the applicant's clear and unmistakable acquiescence to that characterization if the claim is eventually allowed on grounds unrelated to the examiner's unrebutted characterization." *3M Innovative Properties Co. v. Avery Dennison Corp.*, 350 F.3d 1365, 1373–74 (Fed. Cir. 2003). Thus, the applicant's silence here cannot as a matter of law amount to a disavowal.

## II. U.S. Patent No. 8,913,489 (Case No. 6:20-cv-00477)

### A. "the first set of port interfaces of the multi-chassis link aggregate"

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Plain and ordinary meaning | Indefinite |

The claim language itself provides the full context and antecedent basis for this term. In Claim 1,[2] the preamble recites "An <u>aggregation switch</u> in a multi-chassis system, comprising…",

---

[2] Independent claims 8 and 15 recite similar language, and the analysis herein applies equally.

4

and the first limitation recites "a first set of member port interfaces of the aggregation switch grouped with one or more member port interfaces of a remote aggregation switch configured to form a multi-chassis link aggregate…" '489 patent, 22:33-38 (emphasis added). Thus, this term refers to the first set of member port interfaces of the aggregation switch which are configured to form a multi-chassis link aggregate with a remote aggregation switch, as opposed to "a second set of port interfaces" in the second element (*see Id.*, 22:41-42). Defendants' arguments ignore that the term recites "**the first set of port interfaces** of the multi-chassis link aggregate," which refers back to "a first set of member port interfaces of the aggregation switch." While the claim begins by reciting an aggregation switch and a remote aggregation switch, the claims then recite that the first set of member port interfaces of the aggregation switch and one or more port interfaces of the remote aggregation switch are *configured to **form** a multi-chassis link aggregate*. Thus, there is no confusion where there are two separate switches that are configured to form a single logical switch – hence the name "multi-chassis link aggregate." Because the claim term refers back to the "first set of port interfaces," it refers back to the "first set of member port interfaces of the aggregation switch." Finally, Defendants admit, or at least do not deny, that Defendants have found the claim term to be definite in Defendants' IPR petition. Defendants only argue that "there is nothing inconsistent with Defendants' IPR because indefiniteness challenges cannot be raised in IPRs." Resp. at 13, n.11. However, that the IPR forum doesn't allow indefiniteness challenges is inapposite to the fact that Defendants have shown in their IPR filing that Defendants found the term to be sufficiently definite. *Enzo Biochem, Inc. v. Applera Corp.*, 599 F.3d 1325, 1332 (Fed. Cir. 2010) ("As a preliminary matter, we observe that a claim cannot be both indefinite and anticipated."). In filing their IPR petition, "the petition must specify **where each element** of the claim is found in the prior art patents or printed publications relied upon" 37 C.F.R. § 42.104(b)(4) (emphasis added). In fact, in the petition, Defendants expressly state that "Pursuant to 37 C.F.R. § 42.104, each requirement for *inter partes* review of the '489 Patent is satisfied." IPR2021-00272, Petition (Paper 2), at 4. Thus, by filing its petition in IPR2021-00272, Defendants have demonstrated that they can understand this term and the term is not indefinite.

Dated: March 31, 2021

Respectfully submitted,

By:    */s/ Ryan Loveless*
James L. Etheridge
Texas Bar No. 24059147
Ryan S. Loveless
Texas Bar No. 24036997
Brett A. Mangrum
Texas Bar No. 24065671
Travis L. Richins
Texas Bar No. 24061296
Jeffrey Huang
Brian M. Koide
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX 76092
Tel.: (817) 470-7249
Fax: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Jhuang@EtheridgeLaw.com
Brian@EtheridgeLaw.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

*Counsel for Plaintiff WSOU Investments, LLC*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via the U.S. District Court [LIVE]- Document Filing System to all counsel of record on March 31, 2021.

                                        */s/ Ryan Loveless*
                                        Ryan Loveless