# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>Defendants. | Case No. 6:20-cv-00477-ADA<br><br><br>**JURY TRIAL DEMANDED** |

**<u>DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW</u>**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 1

III. LEGAL STANDARDS ........................................................................................................ 3

IV. ARGUMENT ....................................................................................................................... 4

    A. A Stay Will Simplify This Case ................................................................................ 4

    B. Fact Discovery Is Still In Very Early Stages ............................................................ 5

    C. WSOU Will Not Be Unduly Prejudiced By A Stay ................................................. 7

V. CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*,
  No. 6: 14-CV-162, 2015 WL 179000 (E.D. Tex. Jan. 14, 2015) ..............................................4

*Clinton v. Jones*,
  520 U.S. 681 (1997)......................................................................................................................3

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
  No. 13-CA-800-SS, 2015 WL 3773014 (W.D. Tex. June 16, 2015).....................................7, 8

*EchoStar Techs. Corp. v. TiVo, Inc.*,
  No. 5:05-CV-81, 2006 WL 2501494 (E.D. Tex. July 14, 2006) ............................................4

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988)..................................................................................................3

*Evolutionary Intelligence, LLC v. Millennial Media, Inc.*,
  No. 5:13-CV-4206, 2014 WL 2738501 (N.D. Cal. June 11, 2014)..........................................3

*Frac Shack Inc. v. Alaska Fuel Distribs.*,
  No. 7:19-cv-00026-ADA, Text Order (W.D. Tex. Nov. 5, 2019).............................................9

*Gonzalez v. Infostream Grp., Inc.*,
  No. 2:14-CV-906, 2015 WL 12910770 (E.D. Tex. Mar. 2, 2015) ......................................3, 10

*Hammond Dev. Int'l, Inc. v. Amazon.Com, Inc.*,
  No. 1:20-cv-00342-ADA, Dkt. 91 (W.D. Tex. July 18, 2020).................................................9

*Intellectual Ventures I LLC v. T Mobile USA, Inc., et al.*,
  No. 2:17-cv-00577-JRG, Dkt. 255 (E.D. Tex. Dec. 13, 2018).................................................9

*Kuster v. Western Digital Technologies, Inc.*,
  No. 6-20-cv-00563, Text Order (W.D. Tex. March 12, 2021) ................................................9

*Landis v. N Am. Co.*,
  299 U.S. 248 (1936).................................................................................................................3, 10

*Lubrizol Specialty Prods., Inc. v. Baker Hughes Inc.*,
  2017 WL 2255579 (S.D. Tex. May 23, 2017) .........................................................................4

*Neuro Cardiac Techs., LLC v. LivaNova, Inc.*,
  No. H-18-1517, 2018 WL 4901035 (S.D. Tex. Oct. 10, 2018) ................................................7

*NFC Techs. LLC v. HTC Am., Inc.*,
  No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ...................... 4, 6, 10

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
  No. 6:13-cv-384, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) .................................................. 6

*Parity Networks, LLC v. Cisco Sys., Inc.*,
  No. 6:19-cv-00209-ADA, Text Order (W.D. Tex. Oct. 16, 2019) ........................................... 9

*Parus Holdings Inc. v. Apple Inc.*,
  No. 6:19-cv-00432-ADA, Text Order (W.D. Tex. Dec. 15, 2020) .......................................... 9

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
  No. 5:13-CV-01356-EJD, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014) ................................. 10

*Stingray Music USA v. Music Choice*,
  No. 2:16-CV-00586-JRG-RSP, 2017 WL 9885167 (E.D. Tex. Dec. 12, 2017) ....................... 7

*USC IP Partnership, LP v. Facebook, Inc.*,
  No. 6-20-cv-00555-ADA, Dkt. 66 (W.D. Tex. Aug. 5, 2021) .................................................. 9

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| '489 patent | U.S. Patent No. 8,913,489 |
| IPR | *Inter partes* review |
| '272 IPR | IPR No. 2021-00272 |
| Defendants | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| WSOU or Plaintiff | WSOU Investments, LLC d/b/a Brazos Licensing and Development |
| PTAB | Patent Trial and Appeal Board |
| FWD | Final Written Decision |

# TABLE OF EXHIBITS[1]

| Exhibit | Description |
|---|---|
| Ex. 1 | Paper 13, Decision Granting Institution of *Inter Partes* Review 35 U.S.C. § 314, IPR 2021-00272, dated July 1, 2021 |
| Ex. 2 | Letter from B. Rosenthal to J. Etheridge regarding discovery issues, dated June 7, 2021 |
| Ex. 3 | Letter from B. Rosenthal to J. Etheridge requesting WSOU narrow its number of asserted claims, dated June 29, 2021 |
| Ex. 4 | Letter from B. Rosenthal to J. Etheridge requesting WSOU stipulate to staying Case No. -477 pending the outcome of the *inter partes* review, dated July 13, 2021 |
| Ex. 5 | Letter from J. Etheridge to B. Rosenthal in response to Defendants' June 29, 2021 and July 13, 2021 letters, dated July 16, 2021 |
| Ex. 6 | Letter from R. Loveless to counsel for Defendants in response to Defendants' July 13, 2021 letter, dated July 26, 2021 |
| Ex. 7 | Email chain between B. Shelton and Counsel for Plaintiffs regarding the proposed Protective Order, dated June 2, 2021 through June 9, 2021 |
| Ex. 8 | Email chain between B. Shelton and M. Siegmund regarding the proposed Protective Order, dated June 29, 2021 through July 8, 2021 |
| Ex. 9 | Email chain between B. Shelton and M. Siegmund regarding the proposed Protective Order and discovery limits, dated July 23, 2021 |

---

[1] Exhibits are attached to the Declaration of Brian A. Rosenthal in Support of Defendants' Motion to Stay Pending *Inter Partes* Review.

**I.     INTRODUCTION**

A stay pending IPR is warranted in this case, especially given the strength of Defendants' IPR petition—as the PTAB itself recognized— and the likelihood that a stay will simplify the case. *See* Ex. 1 at 14 (IPR Institution Decision) ("[O]n the preliminary record, the merits of Petitioner's case are *straightforward and strong*.") (emphasis added).  Defendants recognize that it is not the typical practice of this Court to grant motions to stay pending IPR—unless the parties so stipulate. However, the unique facts of this case weigh strongly in favor of granting a stay at this opportune time when fact discovery is still in the very early stages and significant judicial and party expenses will likely be avoided by a stay.  WSOU—a non-practicing entity that does not compete with Defendants—will not be unduly prejudiced by a stay, and it can be made whole by money damages should the PTAB uphold any claims and a jury finds liability.  Proceeding with discovery would not result in an even balance of the parties' interests because all three factors considered by courts weigh in favor of a stay.

**II.    BACKGROUND**

Dell is a global technology company, which has developed and sold computers since the 1980s. Today Dell sells a wide array of innovative products, including personal desktops and laptops, servers, enterprise data storage solutions, data security solutions, cloud computing, and digital infrastructure for some of the world's largest corporations.  In contrast, WSOU is a non-practicing, patent-licensing entity primarily focused on licensing and monetization of patents acquired from other companies.  (D.I. 42 at 2 (MTT Venue).)  WSOU was created in 2017 and has acquired numerous old Alcatel-Lucent patents.  *Id.*  WSOU is attempting to monetize its recently acquired patents: initially, by trying to sell them, and now by filing over 100 infringement lawsuits against over a dozen defendants in this District alone.  *Id.* at 3.

On June 2, 2020, WSOU filed this lawsuit against Defendants alleging infringement of the '489 patent. (D.I. 1.) WSOU simultaneously filed 11 other lawsuits against Defendants, each claiming infringement of a single, unrelated patent by multiple different products. *See WSOU Investments, LLC v. Dell Technologies Inc.*, Nos. 6:20-cv-473, -474, -475, -476, -478, -479, -480, -481, -482, -485, -486 (W.D. Tex.). In total, WSOU is asserting 12 patents and over 150 claims against Defendants. On June 30, 2020, WSOU requested issuance of the summons. (D.I. 8.) On July 6, 2020, Defendants waived service. (D.I. 13, 14, 15.) WSOU agreed to a one month extension of time to answer, and Defendants filed a motion to dismiss for failure to state a claim on October 5, 2020. (D.I. 16, 31.) WSOU filed a First Amended Complaint on October 19, 2020. (D.I. 33.)

On October 14, 2020, WSOU served its preliminary infringement contentions, identifying for the first time all 20 claims of the '489 patent as the asserted claims. On December 9, 2020, Defendants filed an IPR petition for all 20 claims of the '489 patent (IPR No. 2021-00272). Defendants then served their preliminary invalidity contentions on December 9, 2020. On July 1, 2021, the PTAB instituted *inter partes* review ("IPR") of the '489 patent—the only patent at issue in this case. *See* Ex. 1 (IPR Institution Decision). The Final Written Decision is expected by July 5, 2022. *Id.* at 9.

Claim construction briefing opened on February 17, 2021 and concluded on April 14, 2021. (D.I. 80, 83, 84, 87.) *Markman* hearings were held on May 10, 2021 (D.I. 95) and May 26, 2021. (D.I. 108.) On May 27, 2021, final claim constructions were entered and fact discovery opened. (D.I. 107.) On June 7, 2021, Defendants wrote to WSOU about its delay of discovery and failure to produce requested documents—which it still has not produced over two months later. Ex. 2. On June 29, 2021, Defendants wrote to WSOU regarding the excessive number of asserted claims

and requested narrowing to a more manageable 32 claims. Ex. 3. On July 13, 2021—not having received a response from WSOU to its June 29 letter—Defendants again wrote to WSOU regarding narrowing the asserted claims and requested a stipulation to stay this case pending the outcome of the recently instituted IPR. Ex. 4. On July 16, WSOU responded that it would not reduce the number of asserted claims. Ex. 5. On July 26, 2021, WSOU refused to stipulate to a stay. Ex. 6.

Trial for all 12 cases WSOU filed against Defendants is set for May 12, 2022, but that date is uncertain and likely to change for most cases. (*See* D.I. 95 at 74:2-3 (May 10, 2021 *Markman* Transcript).) The Court indicated that not all 12 cases will be tried together, but instead will likely be allocated to three trial groups staggered three months apart. *Id.* at 74:2-3, 75:9-12. It is presently unknown how the patents will be grouped and in what order they will be tried. Assuming the current schedule is not delayed, trial for this case could easily occur in November 2022—well after the FWD is expected to issue on July 5, 2022.

### III.   LEGAL STANDARDS

A district court has the inherent power to control its own docket, including broad discretion to stay proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). Management of the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N Am. Co.*, 299 U.S. 248, 254-55 (1936); *Gonzalez v. Infostream Grp., Inc.*, No. 2:14-CV-906, 2015 WL 12910770, at *1 (E.D. Tex. Mar. 2, 2015). In particular, staying proceedings pending IPR of a patent is in the district court's discretion. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). A stay is particularly warranted when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Evolutionary Intelligence, LLC v. Millennial*

*Media, Inc.*, No. 5:13-CV-4206, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014); *see also 3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*, No. 6: 14-CV-162, 2015 WL 179000, at * 1 (E.D. Tex. Jan. 14, 2015).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

## IV.    ARGUMENT

### A.    A Stay Will Simplify This Case

A stay will simplify this case because of the high likelihood that at least some—and likely all—of the claims of the '489 patent will be found invalid by the PTAB. *See Lubrizol Specialty Prods., Inc. v. Baker Hughes Inc.*, 2017 WL 2255579, at *1 (S.D. Tex. May 23, 2017) ("If the PTAB ultimately determines that any of the patent claims are invalid or otherwise narrows the scope of any asserted patent claims, the proceedings in this Court will likely be resolved or simplified considerably."). On July 1, 2021, the PTAB instituted IPR on all 20 claims of the '489 patent, noting that "on the preliminary record, the merits of Petitioner's case are *straightforward and strong*." *See* Ex. 1 at 14 (IPR Institution Decision) (emphasis added). This "weigh[ed] *strongly* in favor of [the PTAB] not exercising discretion to deny institution under 35 U.S.C. § 314(a)." *Id.* In light of the strength of Defendants' IPR petition, a stay will likely obviate the need

4

for expensive and time consuming discovery and trial because after the IPR there will be nothing left to litigate. By waiting to see which claims, if any, survive IPR, significant judicial and party resources can be conserved until it is known if this case needs to proceed to trial at all.

A stay would also reduce the heavy burden on both parties and the Court of litigating all 12 separate cases at once, in addition to the IPR. Across the 12 cases, WSOU asserted 12 patents and over 150 claims against Defendants, an exceptionally large number. Over a year later, WSOU is still litigating all 12 patents and almost all originally asserted claims—despite early representations that it expected patents to drop out of the case. *See* D.I. 37 at 27:13–28:8 (October 21, 2020 Scheduling Conference Transcript). In particular, WSOU noted that patents might drop out because of "IPR issues" and that it was "pretty sure there are going to be IPRs filed." *Id.* at 27:19-28:8. Defendants did file an IPR for the '489 patent—which was instituted—but now WSOU is unwilling to consider a stay or engage in discussions about the much needed narrowing of the patents and claims asserted in the 12 cases against Defendants. *See* Exs. 5, 6. The Court could also benefit from the stay given its already congested caseload as one of the busiest patent courts in the country.[2] Under these circumstances, there is simply no reason to continue litigating this case about a patent that will likely be found invalid during IPR. Thus, this factor weighs strongly in favor of granting a stay.

B.  **Fact Discovery Is Still In Very Early Stages**

The case is at a natural pausing point in the very early stages of fact discovery. As WSOU acknowledged in its July 16, 2021 letter, "fact discovery has only recently begun[.]" Ex. 5. In instituting the IPR, the PTAB agreed: "fact discovery is in its early stages, expert reports are not

---

[2]  WSOU is also maintaining over 100 additional lawsuits against over a dozen other defendants before this Court.

yet due, and substantive motion practice is yet to come." Ex. 1 at 10 (IPR Institution Decision). Fact discovery does not close until December 10, which is four months away, and essentially no fact discovery has occurred thus far. The parties are still in the process of negotiating a protective order and collecting documents for production. No depositions have been noticed or taken. Expert reports are not due until late December 2021. Dispositive motions are not due until late February 2022—over six months away. Third party foreign discovery is also ongoing, and a stay would potentially eliminate or lessen the burden on any third parties subpoena recipients. In short, this case is not in the home stretch, and substantial work remains to be done before this case can proceed to trial.

Defendants recognize that the Court and parties have expended time and resources in claim construction, but that is a sunk cost and should not be determinative here where extensive discovery is yet to occur. *See NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *3 (E.D. Tex. Mar. 11, 2015) ("Denying a stay because of the progress of the case to this point would impose significant expenses on the parties that might be avoided if the stay results in simplification (or obviation) of further court proceedings."). Allowing discovery to continue on a patent that is likely invalid would only further add expenses that might be avoided if claims are found invalid by the PTAB. The IPR will proceed even if a stay is not granted, making a stay the only way to conserve resources. And "[c]ourts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation." *Norman IP Holdings, LLC v. TP-Link Techs.*, Co., No. 6:13-cv-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) (internal citations omitted).

Furthermore, there is no risk of discovery inefficiencies from staying this case because the

'489 patent is the only asserted patent, and the other 11 pending cases against Defendants concern unrelated patents and distinct accused products. Thus, this factor also weighs strongly in favor of granting a stay.

### C. WSOU Will Not Be Unduly Prejudiced By A Stay

WSOU will not be unduly prejudiced by a stay. WSOU is a non-practicing entity that does not compete with Defendants and is not seeking any injunctive relief—there is simply no urgency here. *See supra* Section II; *see also Neuro Cardiac Techs., LLC v. LivaNova, Inc.*, No. H-18-1517, 2018 WL 4901035, at *3 (S.D. Tex. Oct. 10, 2018) (noting absence of argument that parties are direct competitors in finding no undue prejudice); *Stingray Music USA v. Music Choice*, No. 2:16-CV-00586-JRG-RSP, 2017 WL 9885167, at *2 (E.D. Tex. Dec. 12, 2017) (granting stay, noting that "the plaintiff did not move for a preliminary injunction, which contradicts Music Choice's assertion it cannot wait for a decision on infringement."). WSOU can be made whole by monetary damages in the event that any claims of the '489 patent are upheld by the PTAB and found infringed at a subsequent trial. *See Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. 13-CA-800-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) (finding no undue prejudice as "mere delay in collecting those damages does not constitute undue prejudice"). The parties are litigating 11 other cases—WSOU will have no tactical disadvantage from a stay of this single case because it will not materially affect settlement prospects. WSOU is also litigating over 100 other cases against over a dozen other defendants—a delay in this one case will not significantly affect WSOU's business operations and would actually relieve WSOU of that significant burden.

The uncertainty in the trial date also shows that WSOU will not be unduly prejudiced. The facts suggest that the FWD will issue before this case goes to trial. Trial is scheduled for May 12, 2022 for all 12 cases, but they will not all be tried together. *See* D.I. 95 at 74:2-3 (May 10, 2021 *Markman* Transcript). The Court indicated that the cases will likely be put into groups for three

7

separate trials scheduled three months apart, but these groupings and their order for trial have not yet been determined. *Id.* at 75:9-12. This means that trial for the '489 patent might occur in May 2022, August 2022, or November 2022, assuming that the current case schedule is not extended. The FWD is expected by July 5, 2022. Ex. 1 (IPR Institution Decision) at 9. Hence, it is more likely than not that the trial for the '489 patent would occur after a FWD issues, and it might not even occur within a year. And the Court expressed at least some uncertainty that trial for any of the 12 cases would begin in May 2022 and that all 12 cases would be tried before the end of 2022. *See* D.I. 95 at 75:9-12 (May 10, 2021 *Markman* Transcript) ("So *probably* we'll be looking at May trial, three months another trial, three months another trial, all of which – in other words, I'll *try* and get this done by the end of 2022.") (emphasis added). Further delay is a real possibility given the Court's busy docket and the uncertainties of COVID-19.

      Further, WSOU cannot credibly argue undue prejudice because it has not been diligent in litigating this case. It waited almost a month to request a summons after filing the complaint (D.I. 8), agreed to a month extension to answer (D.I. 16), and it frequently ignores or provides delayed responses to correspondence. *See* Ex. 2. Two months have passed since Defendants sent WSOU a letter about its delay of discovery and requesting documents, but WSOU still has not made a production of the requested documents. *Id.* WSOU has also seemed uninterested in finalizing a protective order—despite repeated follow up by Defendants—so that document production and the exchange of source code can begin. Exs. 7, 8, 9. As it stands, it is unknown whether fact discovery can be completed as scheduled.

      In contrast, Defendants filed their IPR petition with exceptional diligence—five months after waiver of service, seven weeks after the identification of asserted claims, and prior to its preliminary invalidity contentions. The PTAB agreed. Ex. 1 at 10-11 (IPR Institution Decision)

("[W]e agree with [Dell] that it acted promptly by filing its Petition at the early stages of the litigation[.]").  After the IPR was instituted, Defendants requested that WSOU stipulate to a stay. Ex. 4.  WSOU refused, but did not articulate any prejudice it would suffer as a result of a stay.  *See* Ex. 6.  WSOU's primary objection was that "Judge Albright does not grant stays pending IPRs."[3] *Id.*  This is not true.  The Court has granted stays pending IPR where stipulated to by the parties[4], even if the *Markman* hearing already occurred.  *See Hammond Dev. Int'l, Inc. v. Amazon.Com, Inc.*, No. 1:20-cv-00342-ADA, Dkt. 91 (W.D. Tex. July 18, 2020); *Kuster v. Western Digital Technologies, Inc.*, No. 6-20-cv-00563, Text Order (W.D. Tex. March 12, 2021).  The facts here align with previous cases where a stipulated stay was granted, and they significantly differ from cases where stays were denied.  For instance, the Court recently denied a motion to stay because discovery was already over, trial was only four months away, and the petition was not "particularly strong."  *USC IP Partnership, LP v. Facebook, Inc.*, No. 6-20-cv-00555-ADA, Dkt. 66 (W.D. Tex. Aug. 5, 2021).  None of those deciding factors are present here—discovery is only beginning, trial is unlikely to occur before the FWD issues, and the petition is strong.

Although WSOU will not stipulate to a stay, WSOU does not have unilateral authority to prevent a stay.  While WSOU does have an interest in timely enforcement of its patent rights, that interest is only entitled to *some* weight and is *not dispositive*.  *Intellectual Ventures I LLC v. T*

---

[3] WSOU also claimed that Defendants "waited nearly seven months after the suit was filed" before filing the IPR.  Ex. 6.  As explained above, Defendants filed the IPR expeditiously, and the PTAB agreed.  *See* Ex. 1 at 10-11 (IPR Institution Decision) ("[W]e agree with [Dell] that it acted promptly by filing its Petition at the early stages of the litigation[.]").

[4] *See, e.g., Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-00432-ADA, Text Order (W.D. Tex. Dec. 15, 2020); *Hammond Dev. Int'l, Inc. v. Amazon.Com, Inc.*, No. 1:20-cv-00342-ADA, Dkt. 91 (W.D. Tex. July 18, 2020); *Frac Shack Inc. v. Alaska Fuel Distribs.*, No. 7:19-cv-00026-ADA, Text Order (W.D. Tex. Nov. 5, 2019); *Kuster v. Western Digital Technologies*, Inc., No. 6-20-cv-00563, Text Order (W.D. Tex. March 12, 2021); *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00209-ADA, Text Order (W.D. Tex. Oct. 16, 2019).

*Mobile USA, Inc., et al.*, No. 2:17-cv-00577-JRG, Dkt. 255 at 3  (E.D. Tex. Dec. 13, 2018). Moreover it is ameliorated in large part due to the 11 additional cases pending against Defendants. The delay inherent in a stay of a case does not itself constitute undue prejudice, and delay alone is insufficient to defeat a motion to stay. *See NFC Tech. LLC v. HTC America, Inc.*, No. 2:13–CV–1058–WCB, 2015 WL 1069111, at *2 (E.D. Tex. 2015); *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 WL 116340, at *5 (N.D. Cal. Jan. 13, 2014).  The Count must "exercise [its] judgment" and "weigh competing interests and maintain an even balance." *Landis v. N Am. Co.*, 299 U.S. 248, 254-55 (1936); *Gonzalez v. Infostream Grp., Inc.*, No. 2:14-CV-906, 2015 WL 12910770, at *1 (E.D. Tex. Mar. 2, 2015).   It would not be an even balance for Defendants to be forced to continue litigating a case after IPR institution where they acted promptly to file the IPR and the PTAB in granting institution affirmatively commented on the strength of the petition.  Thus, this factor also strongly weighs in favor of granting a stay.

**V.     CONCLUSION**

For the above reasons, Defendants' motion to stay pending IPR should be granted.

| | |
|---|---|
| Dated:  August 18, 2021 | By:  *Barry K. Shelton* |

                                     Barry K. Shelton
Texas State Bar No. 24055029
bshelton@sheltoncoburn.com
**SHELTON COBURN LLP**
311 RR 620, Suite 205
Austin, TX  78734-4775
Telephone:  512.263.2165
Facsimile:  512.263.2166

Benjamin Hershkowitz
bhershkowitz@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
Allen Kathir
akathir@gibsondunn.com
Kyanna Sabanoglu
ksabanoglu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Y. Ernest Hsin
ehsin@gibsondunn.com
Jaysen S. Chung
jschung@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Ryan K. Iwahashi
riwahashi@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 18, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a).

*/s/ Barry K. Shelton*
Barry K. Shelton
