

# EXHIBIT 3

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

June 29, 2021

<u>VIA ELECTRONIC MAIL</u>

James L. Etheridge
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Jim@etheridgelaw.com

**Re:** *<u>WSOU Investments, LLC v. Dell Techs. Inc., EMC Corp., and VMware, Inc.</u>*<u>, **Case Nos. 6:20-cv-00473; 6:20-cv-00474; 6:20-cv-00475; 6:20-cv-00476; 6:20-cv-00477; 6:20-cv-00478; 6:20-cv-00479; 6:20-cv-00482; 6:20-cv-480; 6:20-cv-481; 6:20-cv-485; 6:20-cv-486 (W.D. Tex.)**</u>

Dear Jim:

We write on behalf of our clients, VMware, Inc., Dell Technologies, Inc., Dell Inc., and EMC Corporation (collectively, "Defendants"). In the above-captioned cases, WSOU continues to assert an unreasonably high number of claims of the patents-in-suit, including:

- Claims 1, 4, 11, 12, and 14 of U.S. Patent No. 9,137,144 (the "'144 patent");
- Claim 1 of U.S. Patent No. 7,212,536 (the "'536 patent");
- Claims 1-20 of U.S. Patent No. 8,913,489 (the "'489 patent");
- Claim 3 of U.S. Patent No. 8,402,129 (the "'129 patent");
- Claims 1, 2, 11-13, 15, and 19-20 of U.S. Patent No. 7,453,888 (the "'888 patent");
- Claims 1, 9, and 17 of U.S. Patent No. 7,126,921 (the "'921 patent");
- Claims 1-18 of U.S. Patent No. 7,565,435 (the "'435 patent");
- Claims 1 and 6 of U.S. Patent No. 7,424,020 (the "'020 patent");
- Claims 1–11 and 13–22 of U.S. Patent No. 7,539,133 (the "'133 patent");
- Claims 1–16 of U.S. Patent No. 7,636,309 (the "'309 patent");
- Claims 1–17, 21–49 of U.S. Patent No. 7,092,360 (the "'360 patent"); and
- Claims 1–24 of U.S. Patent No. 9,164,800 (the "'800 patent").

**GIBSON DUNN**

James L. Etheridge
June 29, 2021
Page 2

6/25/21 Final Infringement Contentions; *see also* 10/14/20 Preliminary Infringement Contentions. In particular, WSOU continues to assert each and every claim of the '133 patent, '309 patent, '360 patent, '800 patent, '489 patent, and '435 patent that has not yet been invalidated, which amounts to 144 claims across these six patents alone.

Particularly now that fact discovery is underway, WSOU's continued assertion of 164 total claims is excessive and will unnecessarily expend the parties' and the Court's limited resources. Claim narrowing is especially appropriate at this stage of the case because, as Defendants repeatedly have explained, WSOU's infringement allegations with respect to each of these claims are deficient. *See, e.g.*, 6/21/21 B. Rosenthal Letter; 4/16/21 B. Rosenthal Letter; 11/14/20 B. Rosenthal Letter; 10/21/20 B. Rosenthal Letter; 9/25/20 B. Rosenthal Letter.

Accordingly, Defendants request that by July 9, 2021, WSOU narrow its number of asserted claims to 32, which is a reasonable number intended to "promote a 'just, speedy, and inexpensive determination'" of patent actions. *Eastern District of Texas [Model] Order Focusing Patent Claims and Prior Art to Reduce Costs*, at 1; *see also id.* at 1–2 (requiring, for example, narrowing of asserted claims to no more than 10 per patent and 32 total by the end of claim construction discovery). If WSOU will not agree, please provide your availability to meet and confer by July 5, 2021.

Best,

*/s/ Brian A. Rosenthal*

Brian A. Rosenthal