# EXHIBIT 4

**GIBSON DUNN**
Highly Restricted - Privileged - Confidential

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Brian Rosenthal
Direct: +1 212.351.2339
Fax: +1 212.817.9539
BRosenthal@gibsondunn.com

July 13, 2021

VIA ELECTRONIC MAIL

James L. Etheridge
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX  76092
Jim@EtheridgeLaw.com

**Re:** *WSOU Investments LLC v. Dell Technologies Inc. et al.* **(6:20-cv-00477) (W.D. Tex.)**

Dear Jim:

We write on behalf of our clients, Dell Technologies Inc., Dell Inc., and EMC Corporation (collectively, "Defendants").  We previously wrote regarding the unreasonably high number of claims that WSOU is asserting against Defendants.  *See* 6/29/21 B. Rosenthal Letter.  For example, in Case No. -477 alone, WSOU is asserting *all* 20 claims of U.S. Patent No. 8,913,489 (the "'489 patent").  Although WSOU has inexplicably failed to respond to our letter, subsequent developments since we sent our letter necessitate that we move forward with concrete steps towards narrowing WSOU's allegations.  To that end, for the reasons discussed below, we request that WSOU stipulate to a motion staying Case No. -477 pending the outcome of the instituted *inter partes* review of the '489 patent.

As WSOU is aware, since we raised the issue about the number of asserted claims, the Patent and Trademark Office ("PTO") instituted *inter partes* review on all 20 claims of the '489 patent.  *See* IPR2021-00272, Paper 13 (PTAB July 1, 2021).  In making that decision, the PTO expressly stated that Defendants "demonstrated a reasonable likelihood that [they] will succeed" on their patentability challenges to the '489 patent.  *Id*. at 50.  Given the PTO's finding, it is inefficient to conduct discovery, including depositions and related motion practice, on a patent that the PTO has determined is likely invalid.  As a result, a stay is warranted to help conserve the Court's and the parties' resources.

Moreover, WSOU has asserted 12 patents and over 160 claims against Defendants.  *See* 6/29/21 B. Rosenthal Letter.  WSOU previously stated that it expected patents to fall out of the case.  *See* 10/21/2020 Transcript at 27:13–28:8.  Yet, WSOU has thus far refused to engage

GIBSON DUNN
Highly Restricted - Privileged - Confidential

James L. Etheridge
July 13, 2021
Page 2

with Defendants on any discussion relating to narrowing the allegations to a manageable number of asserted claims. The PTO's decision to institute *inter partes* review of the '489 patent provides a suitable foundation to start the narrowing process. Thus, we request that WSOU stipulate to staying Case No. -477 pending the outcome of the *inter partes* review. Please advise of WSOU's position by July 20, 2021. If WSOU does not agree, please provide WSOU's availability to meet and confer the week of July 20, 2021, as Defendants intend to promptly raise this issue to the Court.

Best,

*/s/ Brian A. Rosenthal*

Brian A. Rosenthal