IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | § § § § | CIVIL ACTION 6:20-CV-00477-ADA |
| Plaintiff, | § § | PATENT CASE |
| v. | § § | |
| DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION, | § § § | |
| Defendants. | § | JURY TRIAL DEMANDED |

**RESPONSE OPPOSING DEFENDANTS' MOTION TO STAY
PENDING *INTER PARTES* REVIEW**

This Court has always denied motions like Dell's that seek a stay pending *inter partes* review. Dell's motion is no more compelling than those the Court has denied. As an initial matter, the motion should be stricken because Dell did not give notice of its anticipated motion or bother to confer before filing the motion. Regardless, the motion should be denied because a stay will not simplify the issues, the stage of proceedings disfavors a stay (particularly given the massive multi-country international campaign of foreign discovery Dell forced the parties to engage in before *Markman*), and WSOU will be unduly prejudiced if a stay is granted.

## I.  Background

There can be no dispute that both parties have already expended considerable time and resources into the claim construction process. In fact, the Court has already conducted a *Markman* hearing and issued a claim construction order.  Further, the parties have expended considerable time and resources conducting discovery, in large part because Dell insisted on early foreign discovery.  Over WSOU's objections, Dell engaged in a massive foreign discovery campaign **before** the *Markman* hearing and before discovery opened. Dell's foreign discovery campaign used up significant party, non-party, and Court resources, forcing WSOU to obtain local counsel for discovery disputes in numerous foreign jurisdictions well before discovery opened. This Court held several pre-*Markman* discovery hearings because of Dell's campaign. Dell pursued discovery with equal vigor the moment discovery opened in the United States, serving dozens of subpoenas through this Court's ECF system. Dell hid this massive multi-country international discovery campaign from the PTAB and managed to convince the PTAB that discovery was only in its early stages. This Court knows better.

Trial is set for May 12, 2022, at which time this Court will adjudicate infringement and invalidity.  The PTAB's final written decision is due, without any extension, approximately July 1, 2022.

## II.  Legal Standard

"A district court has the inherent power to control its own docket, including the power to stay proceedings before it." *Multimedia Content Mgmt. Llc v. Dish Network*, No. 6:18-CV-00207-

ADA, 2019 U.S. Dist. LEXIS 236670, at *2-4 (W.D. Tex. May 30, 2019) (Albright, J.). In particular, "the question whether to stay proceedings pending inter partes review of a patent is a matter committed to the district court's discretion." Id. at *2-4. "The party seeking a stay bears the burden of showing that a stay is appropriate." *Mimedx Grp., Inc. v. Tissue Transplant Tech., Ltd.*, No. SA-14-CA-719, 2015 U.S. Dist. LEXIS 33388, at *4 (W.D. Tex. Jan. 5, 2015). A patent holder has "an interest in the timely enforcement of its patent right." *Id.* (internal quotation marks and citation omitted). "[T]here is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule 'would invite parties to unilaterally derail litigation.'" *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961 RWS-JDL, 2017 U.S. Dist. LEXIS 27421, at *6 (E.D. Tex. Feb. 27, 2017) (internal quotation marks and citation omitted). "District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).

### III. Argument

#### A. A stay will not simplify the case.

In considering whether to grant a stay pending *inter partes* review, "the most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of the issues before the Court." *NFC Techs. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 U.S. Dist. LEXIS 29573, at *12 (E.D. Tex. Mar. 11, 2015) (Bryson, J.).

A stay will not simplify the issues in this case for multiple reasons, including: (1) the Court has already resolved the meaning of claim terms as a matter of law; (2) trial in this case is scheduled to occur before any final written decision; (3) Defendants will only be estopped from presenting the grounds included in the *inter partes* review or on any grounds involving the same references

in the *inter partes* review "**alone or in combination with any other *patent or printed publication***" (Dkt. 63, at 1), which leaves open merely "combining" any ground in the *inter partes* review with an alleged prior art "system"; and (4) Defendants have not shown that all claims of the '489 patent will be found unpatentable.

A stay would not estop Defendants from challenging the validity of the asserted claims on grounds other than those raised in the review. Defendants do not even acknowledge that some (or all) claims may survive the IPR. And in that event, despite the fact that Defendants filed a purported "stipulation of invalidity contentions" (Dkt. 63), Defendants fail to acknowledge that its so-called stipulation may not simplify the issues at all because Defendants, through its so-called "stipulation" have given themselves considerable latitude in using prior art systems embodying, or merely *in combination with*, the same patents or printed publications before the PTO in the IPR proceedings. Specifically, Defendants stipulated that "Defendants will not assert invalidity of claims 1–20 of the '489 patent in this case based on any of the four grounds [in the IPR], or on any other grounds involving the Narayanan, Smith, Chin, Mullooly, and Moberg references **alone or in combination with any other patent or printed publication**." Dkt. 63 at 1 (emphasis added). And to drive home the point that Defendants are not stipulating to be estopped from relying those exact same grounds and references, Defendants further stated that: "<u>This stipulation is not intended and should not be construed to limit Defendants' ability to assert invalidity of the claims of the '489 patent</u> **based on prior art not consisting of patents or printed publications, alone or in combination with any other reference whatsoever**." Dkt. 63 at 1-2 (emphasis added). Defendants' intention to assert the same grounds with the same references as in the IPR (i.e. "alone or in combination with any other reference whatsoever"), in combination with alleged prior art systems ("prior art not consisting of patents or printed publications") is not a hypothetical. As seen in Defendants' invalidity contentions served on June 25, 2021, for the '489 patent, Defendants expressly assert no less than nine (9) "prior art systems". Ex. A at 43-44. Thus, Defendants have intentionally and purposefully provided a "stipulation" that in actuality gives Defendants a large loophole and considerable latitude in using prior art systems. *See also Intellectual Ventures II LLC*

*v. Kemper Corp.*, No. 6:16-cv-0081, 2016 U.S. Dist. LEXIS 181431, at *8 (E.D. Tex. Nov. 7, 2016). As a result, if anything, staying the case will only increase the number of references on which Defendants argues.

Further, Defendants have not shown that all of the challenged claims will be found unpatentable. Defendants' proclamation that "after the IPR there will be nothing left to litigate" appears to rely on a single sentence from the institution decision. Mot. 4-5. However, the institution decision is not as dispositive as Defendants might hope. For example, in the institution decision (Mot., Ex. 1), under the section for alleged "Anticipation of Claims 1–3, 5–9, 11–15, 19, 20 by Narayanan" (Mot. Ex. 1, at 29), and regarding "Claims 1, 8" (*Id.* at 33), and more specifically for claim limitation "[1.F]", the institution decision admits that "Petitioner does not identify a disclosure in Narayanan explicitly stating that the aggregation switch enables a Spanning Tree Protocol on links between ports on edge or access switches to ports of the aggregation switch." *Id.* at 39. Similarly, still in the section of alleged "anticipation" of challenged claims, for "Claims 15 and 19-20," the institution decision further acknowledges that "Petitioner does not cite an explicit disclosure of 'receiving a command to operate in a stand-alone mode'." *Id.*, at 43. Thus, for at least claims 1, 8, 15, 19, and 20, the institution decision itself acknowledges that Dell failed to disclose anything for at least one claim limitation in multiple claims.

**B.     The stage of proceedings disfavors a stay.**

The stage of the proceedings strongly disfavors a stay. If "the court has expended significant resources, then courts have found this factor weighs against a stay." *CANVS Corp. v. U.S.*, 118 Fed. Cl. 587, 595-96 (2014) (quote omitted). As explained above, this Court has invested significant resources and time in construing the contested claim terms. Further, because of Dell's massive multi-country international pre-*Markman* foreign discovery campaign, this Court has already held several discovery hearings.

Entering a stay *now*, after Dell has already subjected and burdened this Court, WSOU, and multiple third parties around the world to the burden of Dell's massive foreign discovery campaign

4

will not "eliminate or lessen the burden on any third parties," as Dell argues. The damage is already done. Further, Dell abandoned most of its foreign discovery once discovery opened in the United States, formally withdrawing most of its letters of requests (*after* WSOU and third parties around the world expended significant resources on them). Given that Dell has finally abandoned its misguided foreign discovery campaign, a stay will have little effect. Further, Dell is unlikely to withdraw or stay most of its ongoing third-party discovery merely because this one case is stayed. Much of Dell's remaining foreign and third-party discovery involves Nokia, discovery that will not be resolved by a stay of only one of WSOU's pending cases against Dell. In other words, staying this case will simplify nothing. Dell will continue in its course of conduct in the other pending cases.

        **C.**    **A stay at this stage of the proceedings would unduly prejudice WSOU.**

As a patent holder, WSOU has an "interest in the timely enforcement of its patent right." *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015) (internal cites omitted). WSOU filed this action on June 2, 2020 and served Dell on July 6, 2020. Nevertheless, Dell tactically waited five more months before it filed its petition, and now it seeks a stay due to its own delay. Now that trial is set for May 12, 2022, a stay will prejudice WSOU by depriving it of a timely jury trial. While a final written decision might issue July 1, 2022, there is still uncertainty with respect to this date. The one-year deadline for a final written decision can be extended up to six months for good cause. If this were to occur, the Final Written Decision would be pushed back to January 1, 2023, nearly a year after the Court's predicted trial date. Furthermore, this does not account for the almost certain Federal Circuit appeal of the final written decisions by one side or the other or both, which creates an even longer delay.

      Because all relevant factors disfavor a stay, Dell's motion should be denied.

Dated: August 25, 2021

Respectfully submitted,

/s/ Ryan S. Loveless
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Travis L. Richins
Texas State Bar No. 24061296
Brett A. Mangrum
Texas State Bar No. 24065671
Jeffrey Huang
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Brett@EtheridgeLaw.com
JHuang@EtheridgeLaw.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon all counsel of record via email in accordance with the Federal Rules of Civil Procedure on August 25, 2021.

/s/ Ryan S. Loveless
Ryan S. Loveless