IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>　　　　Defendants. | Case No. 6:20-cv-00477-ADA<br><br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PENDING
*INTER PARTES* REVIEW**

## TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 1 |
| | A. | WSOU Has Not Articulated Any Undue Prejudice That It Would Suffer From A Stay | 1 |
| | B. | WSOU Offers Nothing That Contradicts The Strength Of Defendants' IPR Petition | 3 |
| | C. | WSOU Mischaracterizes The Extent Of Discovery Conducted In This Case | 4 |
| III. | CONCLUSION | | 5 |

i


# TABLE OF AUTHORITIES

**Cases**

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
 No. 13-CA-800-SS, 2015 WL 3773014 (W.D. Tex. June 16, 2015)..........................1

*Lubrizol Specialty Prods., Inc. v. Baker Hughes Inc.*,
 2017 WL 2255579 (S.D. Tex. May 23, 2017) ...........................................................4

*MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*,
 2015 WL 11573771 (W.D. Tex. Jan. 5, 2015) ...........................................................1

*NFC Tech. LLC v. HTC America, Inc.*,
 No. 2:13–CV–1058–WCB, 2015 WL 1069111 (E.D. Tex. 2015) .............................1

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
 No. 5:13-CV-01356-EJD, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014)....................1

**Statutes**

35 U.S.C. § 311(b) ..........................................................................................................4

35 U.S.C. § 315(e)(2)......................................................................................................4

**Regulations**

37 C.F.R. § 42.100(c).......................................................................................................2

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| '272 IPR | IPR No. 2021-00272 |
| '489 patent | U.S. Patent No. 8,913,489 |
| Defendants | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| FWD | Final Written Decision |
| IPR | *Inter partes* review |
| Motion or Mot. | Defendants' Motion to Stay Pending *Inter Partes* Review (D.I. 110) |
| Opposition or Opp. | WSOU's Response Opposing Motion To Stay (D.I. 113) |
| PTAB | Patent Trial and Appeal Board |
| WSOU or Plaintiff | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

## TABLE OF EXHIBITS[1]

| Exhibit | Description |
|---|---|
| **Ex. 10** | PTAB Trial Statistics FY20 End of Year Outcome Roundup IPR, PGR, CBM (available at https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2020_roundup.pdf) |

---

[1] All exhibits are attached to the Declaration of Brian A. Rosenthal in Support of Defendants' Motion to Stay Pending *Inter Partes* Review ("Rosenthal Declaration") (D.I. 110-1) and Supplemental Declaration of Brian A. Rosenthal in Support of Defendants' Motion to Stay Pending *Inter Partes* Review ("Supplemental Rosenthal Declaration").

## I.     INTRODUCTION

This case should be stayed pending the recently instituted IPR on all four asserted grounds covering all 20 claims of the only asserted patent.[2] Defendants explained why all three factors considered by courts weigh strongly in favor of granting a stay, and WSOU has failed to offer any compelling evidence or argument to the contrary.[3]

## II.    ARGUMENT

### A.    WSOU Has Not Articulated Any Undue Prejudice That It Would Suffer From A Stay

WSOU does not dispute that it can be made whole with money damages in the event that any claims of the '489 patent are upheld by the PTAB and found infringed at a subsequent trial. Mot. at 7. WSOU generically claims that a stay would "depriv[e] it of a timely jury trial" (Opp. at 5), but the delay inherent in a stay of a case does *not* itself constitute undue prejudice. *See NFC Tech. LLC v. HTC America, Inc.*, No. 2:13–CV–1058–WCB, 2015 WL 1069111, at *2 (E.D. Tex. 2015); *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 WL 116340, at *5 (N.D. Cal. Jan. 13, 2014); *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. 13-CA-800-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) (finding no undue prejudice as "mere delay in collecting [] damages does not constitute undue prejudice"). Instead of addressing the cases Defendants set forth in the Motion, WSOU relies on an inapposite case between direct competitors where IPRs had yet to be instituted and discovery was almost over. *See* Opp. at 5; *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015) (denying

---

[2] WSOU seeks to avoid any analysis by this Court of the specific merits of the Motion, arguing, in the very first sentence of its opposition, that: "This Court has always denied motions like Dell's that seek a stay pending *inter partes* review." Opp. at 1.

[3] As explained in the Motion, Defendants conferred with WSOU about staying the case and WSOU refused. *See* Mot. at 3, 9; Ex. 4; Ex. 6. WSOU's claim that it had no notice of the Motion is disingenuous, at best. Opp. at 1.

motion to stay, noting that the parties were direct competitors, the IPRs had not yet been instituted, and the discovery deadline was just weeks away).

WSOU ignores that the currently scheduled trial date for each of their twelve cases against Defendants is uncertain, and that the FWD is likely to issue before trial could occur. Mot. at 7-8. WSOU also hypothesizes—without providing any statistics—that the one-year statutory deadline for a FWD might be extended. *See* Opp. at 5. But WSOU provides no reason to expect such an extension, which would be highly unlikely given that the PTAB found Defendants' IPR petition to be straightforward. Ex. 1 at 14. In fact, statistics suggest that less than 1% of FWDs are subject to such an extension.[4] And while there might be an appeal from the FWD, the Court can order a joint status report within seven days of issuance to reevaluate the situation in light of the FWD. A decision need not be made now on how this case will progress during a hypothetical IPR appeal.

WSOU also cannot plausibly allege undue prejudice from delay because it has not diligently prosecuted this case.[5] In the three weeks since this Motion was filed, WSOU has not meaningfully progressed discovery. A protective order still has not been entered, and WSOU has produced no documents. There is simply no urgency. Thus, this case can be stayed without unduly prejudicing WSOU.

---

[4] In Fiscal Year 2020, the PTAB issued over 500 FWDs. *See* Ex. 10 at 3 (PTAB Trial Statistics FY20 End of Year Outcome Roundup IPR, PGR, CBM). While not the exact same time period, a search of Docket Navigator records indicated that only four extensions under 37 C.F.R. § 42.100(c) were granted over the past year (from September 1, 2020 to August 31, 2021). *See* Supplemental Rosenthal Declaration ¶ 3.

[5] WSOU's argument that Defendants "tactically" delayed filing the IPR is baseless. Opp. at 5. Defendants filed expeditiously just weeks after WSOU served its preliminary infringement contentions, which identified for the first time all 20 claims of the '489 patent as the asserted claims. Mot. at 2, 8-9. The PTAB agreed. Ex. 1 at 10-11 (IPR Institution Decision) ("[W]e agree with [Dell] that it acted promptly by filing its Petition at the early stages of the litigation[.]").

2

## B. WSOU Offers Nothing That Contradicts The Strength Of Defendants' IPR Petition

The PTAB found that "the merits of Petitioner's case are straightforward and strong." Ex. 1 at 14. In fact, the PTAB did not find a single fault in Defendants' petition, noting that it was "persuaded that Petitioner [had] demonstrated a reasonable likelihood that it will succeed on [all of its four] challenges to patentability[.]" *See* Ex. 1 at 21, 22, 50. WSOU provides no evidence to contradict the fact that its patent will almost certainly be found invalid by the PTAB—simplifying this case out of existence. Instead, WSOU resorts to mischaracterizing the institution decision to create the false impression that the PTAB found certain claim limitations to be missing from the anticipatory prior art reference, Narayanan. *See* Opp. at 4. The PTAB's actual statements—confirming that all claim limitations are disclosed in Narayanan—are provided in the chart below.

| WSOU Mischaracterization (Opp.) | IPR Institution Decision (Ex. 1) |
|---|---|
| [M]ore specifically for claim limitation "[1.F]", the institution decision admits that "Petitioner does not identify a disclosure in Narayanan explicitly stating that the aggregation switch enables a Spanning Tree Protocol on links between ports on edge or access switches to ports of the aggregation switch." Opp. at 4. | In view of this disclosure, ***we are persuaded that for purposes of institution that Petitioner has demonstrated Narayanan discloses claim limitation 1[F]***. Ex. 1 at 39-40 (emphasis added). |
| [T]he institution decision further acknowledges that "Petitioner does not cite an explicit disclosure of 'receiving a command to operate in a stand-alone mode'." Opp. at 4. | Although Petitioner does not cite an explicit disclosure of "receiving a command to operate in a stand-alone mode," ***we are persuaded for purposes of this Decision that Petitioner has demonstrated a person of ordinary skill would reasonably understand or infer this feature from the subject matter disclosed in Narayanan.*** Ex. 1 at 43 (emphasis added). |
| Thus, for at least claims 1, 8, 15, 19, and 20, the institution decision itself acknowledges that Dell failed to disclose anything for at least one claim limitation in multiple claims. Opp. at 4. | For the reasons discussed above, we are persuaded that ***Petitioner has demonstrated a reasonable likelihood that it will succeed on the following challenges to patentability***: Claims 1–3, 5–9, 11–17, and 19–20 as anticipated by Narayanan; |

3

|  | Claim 1–20 as obvious over Narayanan; Claims 4, 10, and 18 as obvious over Narayanan and Mullooly; and Claims 15–20 as obvious over Narayanan, Moberg, and Mullooly.  Ex. 1 at 50 (emphasis added). |
|---|---|

If the PTAB finds any claims invalid, this case will be simplified. *See Lubrizol Specialty Prods., Inc. v. Baker Hughes Inc.*, 2017 WL 2255579, at *1 (S.D. Tex. May 23, 2017) ("If the PTAB ultimately determines that any of the patent claims are invalid or otherwise narrows the scope of any asserted patent claims, the proceedings in this Court will likely be resolved or simplified considerably."). WSOU distracts from this simple fact with irrelevant and confusing arguments about estoppel. *See* Opp. at 3-4. In seeking IPR institution, Defendants stipulated that they would not assert invalidity in this case on any grounds in their IPR petition. *See* D.I. 63. The IPR was instituted, and Defendants are now held to their stipulation. A stay pending IPR will have no effect on the system prior art defenses that Defendants are permitted to raise in this case, and the IPR will proceed regardless of whether a stay is ordered.[6] By waiting to see which claims, if any, survive IPR, significant judicial and party resources can be conserved until it is known if this case needs to proceed to trial at all.

C.   **WSOU Mischaracterizes The Extent Of Discovery Conducted In This Case**

WSOU mischaracterizes the extent resources have been expended, to date, on claim construction and discovery conducted in this case. Claim construction did not require the expenditure of significant resources and time. Opp. at 4. Fewer than 7 pages in total between both parties were dedicated to the '489 patent across opening (D.I. 80 at 8-9), responsive (D.I. 83 at 16-

---

[6] Once the FWD issues, Defendants will also be subject to statutory IPR estoppel under 35 U.S.C. §315(e)(2). Neither the stipulation nor statute apply to system prior art grounds of invalidity, which procedurally cannot be raised during IPR. *See* 35 U.S.C. § 311(b).

4

19), reply (D.I. 84 at 8-9), and sur-reply *Markman* briefing (D.I. 87 at 8-9), and the '489 patent was not discussed at either *Markman* hearing. *See* D.I. 95, 108. The only claim term at issue was given its plain and ordinary meaning. D.I. 107 at 12. As WSOU acknowledges, third party discovery significantly overlaps with the other 11 cases. Discovery on third party assignee Nokia is common to all 12 cases. The only third party subpoena recipient unique to this case is prosecution counsel, but that subpoena has thus far been ignored and no discovery has actually taken place. And, while the parties exchanged some limited written discovery, WSOU has not produced *any* documents in this case since it served its preliminary infringement contentions almost a year ago in October 2020. No depositions have occurred, or have even been noticed or scheduled. This means that very little discovery specific to this case has occurred thus far. Now is the opportune time to stay this case before document production, depositions, and expert discovery begin.

### III. CONCLUSION

For the reasons set forth above and in their opening brief, Defendants respectfully request that their motion to stay pending IPR of the '489 patent be granted.

| | |
|---|---|
| Dated:  September 1, 2021 | By: *Barry K. Shelton* |
| | Barry K. Shelton |
| | Texas State Bar No. 24055029 |
| | bshelton@sheltoncoburn.com |
| | **SHELTON COBURN LLP** |
| | 311 RR 620, Suite 205 |
| | Austin, TX  78734-4775 |
| | Telephone:  512.263.2165 |
| | Facsimile:  512.263.2166 |

Benjamin Hershkowitz
bhershkowitz@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
Allen Kathir
akathir@gibsondunn.com
Kyanna Sabanoglu
ksabanoglu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Y. Ernest Hsin
ehsin@gibsondunn.com
Jaysen S. Chung
jschung@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Ryan K. Iwahashi
riwahashi@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 1, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a).

<div style="text-align: right;">

*/s/ Barry K. Shelton*
Barry K. Shelton

</div>