**FILED UNDER SEAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>Defendants. | Case No. 6:20-cv-00477-ADA-DTG<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL CONTAINS CONFIDENTIAL INFORMATION** |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION
UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

**FILED UNDER SEAL**

**TABLE OF CONTENTS**

Page

I. ██████████████████████████████████████████████████..................2

   A. ██████████████████████████████████..................2

   B. ██████████████████████████████████████..................2

   C. ██████████████████████████████████████..................5

II. WSOU LACKS STANDING TO SUE FOR PRE-ASSIGNMENT DAMAGES ............6

**FILED UNDER SEAL**

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Bittaker v. Woodford*,
    331 F.3d 715 (9th Cir. 2003) ................................................................................................. 3

*Cofimco USA, Inc. v. Mosiewicz*,
    2016 WL 1070854 (S.D.N.Y. Mar. 16, 2016) ........................................................................ 4

*DDB Techs., LLC v. MLB Advanced Media, L.P.*,
    517 F.3d 1284 (Fed. Cir. 2008) .............................................................................................. 8

*Dutschmann v. City of Waco*,
    2022 WL 837500 (W.D. Tex. Feb. 23, 2022) ........................................................................ 4

*EMA Electromechanics, Inc. v. Siemens Corp.*,
    2022 WL 2759094 (W.D. Tex. July 13, 2022) ................................................................. 4, 5

*Hoeg Corp. v. Peebles Corp.*,
    60 N.Y.S.3d 259 (2017) ..................................................................................................... 5, 8

*Hometown Fin., Inc. v. U.S.*,
    409 F.3d 1360 (Fed. Cir. 2005) .............................................................................................. 7

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
    925 F.3d 1225 (Fed. Cir. 2019) .............................................................................................. 6

*MBIA Ins. Corp. v. Credit Suisse Sec. (USA) LLC*,
    58 N.Y.S.3d 874 (N.Y. Sup. Ct. 2017) ............................................................................. 5, 8

*McCall v. Dretke*,
    390 F.3d 358 (5th Cir. 2004) .................................................................................................. 6

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
    959 F.3d 1065 (Fed. Cir. 2020) .............................................................................................. 6

*In re Spinnaker Indus., Inc.*,
    313 F. App'x 749 (6th Cir. 2008) ..................................................................................... 5, 8

*W. C. Chapman, L.P. v. Cavazos*,
    2022 WL 1558502 (E.D. Tex. May 17, 2022) ...................................................................... 4

*WiAV Sols. LLC v. Motorola, Inc.*,
    631 F.3d 1257 (Fed. Cir. 2010) .............................................................................................. 7

**FILED UNDER SEAL**

*Willy v. Admin. Review Bd.*,
    423 F.3d 483 (5th Cir. 2005)......................................................................................3

**OTHER AUTHORITIES**

MPEP, §301, Part V(A) (June 2020).......................................................................................7

FILED UNDER SEAL

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| '489 patent | U.S. Patent No. 8,913,489 |
| █ | ██████████████████nt |
| Br. | Defendants' Opposed Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1), Dkt. 203 |
| Defendants | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| NPE | Non-practicing entity |
| Opp. | Plaintiff's Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1), Dkt. 215 |
| ██ | ██████████ |
| RFP | Request for Production |
| USPTO | United States Patent and Trademark Office |
| ██ | ██████ |
| WSOU | WSOU Investments, LLC |

FILED UNDER SEAL

TABLE OF EXHIBITS

| Exhibit | Document |
|---|---|
| A | USPTO Reel 027936 Frame 0273 |
| B | USPTO Reel 030252 Frame 0022 |
| C | USPTO Reel 044000 Frame 0053 |
| D | ▮▮▮ |
| E | ▮▮▮ |
| F | ▮▮▮ |
| G | Black's Law Dictionary (11th ed. 2019) (example provided under definition of "VOID") |
| H | Compilation of Licenses |
| I | 2020 Patent Dispute Report: Year in Review, *available at* https://www.unifiedpatents.com/insights/2020-patent-dispute-report-year-in-review |
| J | Analytics: The Most Litigious District Court Patent Plaintiffs, *available at* https://lawstreetmedia.com/news/tech/analytics-the-most-litigious-district-court-patent-plaintiffs |
| K | ▮▮▮ |
| L | ▮▮▮ |
| M | ▮▮▮ |
| N | ▮▮▮ |
| O | Federal Trade Commission, Patent Assertion Entity Activity: An FTC Study (2016), available at https://www.ftc.gov/system/files/documents/reports/patent-assertion-entity-activity-ftc-study/p131203_patent_assertion_entity_activity_an_ftc_study_0.pdf |
| P | ▮▮▮ |

**FILED UNDER SEAL**

| | |
|---|---|
| Q | Matt Hogan, LinkedIn, https://www.linkedin.com/in/matthew-hogan-76155b23/ |
| R | ██████████████████████████ |
| S | https://www.brazoslicensing.com/about (last visited on July 7, 2022) |

**FILED UNDER SEAL**

Defendants' motion demonstrated that WSOU lacks constitutional standing to assert the '489 patent because of two independent fatal deficiencies: (1) ███████████████████████████████████; and (2) the lack of any exclusionary rights before August 21, 2017. Each deficiency deprives WSOU of constitutional standing, which was required to exist when the lawsuit was brought. As a consequence, this lawsuit must be dismissed.

WSOU incorrectly argues that all of Defendants' arguments implicate only statutory standing, and thus that they are not properly raised under Rule 12(b)(1). WSOU is wrong—the question of whether *any* exclusionary rights exist is squarely an issue of constitutional standing.

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ And, contrary to WSOU's argument, lack of such right is a constitutional standing issue.

Finally, as a last resort, WSOU argues that the Court can reform the contract to effectuate the parties' intent allegedly reflected in a letter agreement signed one year *after* this lawsuit was filed. WSOU's extraordinary request defies precedent. It is axiomatic that constitutional standing cannot be fixed retroactively. Indeed, WSOU cannot cite a single case where a patent assignment

was reformed retroactively to provide constitutional standing. This lawsuit should be dismissed.

**I.** █████████████████████████████████████

    **A.** ███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████ WSOU cites no contrary authority, and entirely ignores this settled law and Defendants' cases. ███████████████████████

███████████████████████████

    **B.** ███████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

2

**FILED UNDER SEAL**

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████. Critically, Defendants sought discovery into WSOU's pre-suit negotiations, but the Court denied that request based on WSOU's privilege objections. D.I. 169 ¶ 1. Privilege cannot be used as a sword and a shield. *Willy v. Admin. Review Bd.*, 423 F.3d 483, 497 (5th Cir. 2005) ("[P]arty may not use privileged information both offensively and defensively at the same time."); *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) ("[P]arties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials.").

██████████████████████████████████████████

█████████████████████████████. But WSOU provides no evidence of these other purported activities. ████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

█

██████████████████████████████████████████

██████████████████████████████████████████

---

1 ████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████ *EMA Electromechanics, Inc. v. Siemens Corp.*, 2022 WL 2759094, at *6 (W.D. Tex. July 13, 2022) (no weight to biased party's declaration); *Dutschmann v. City of Waco*, 2022 WL 837500, at *3 (W.D. Tex. Feb. 23, 2022) ("[L]egal conclusions" are "inappropriate for inclusion in a sworn declaration"); *W. C. Chapman, L.P. v. Cavazos*, 2022 WL 1558502, at *5 (E.D. Tex. May 17, 2022) (disregarding conclusions in declaration); *Cofimco USA, Inc. v. Mosiewicz*, 2016 WL 1070854, at *4 (S.D.N.Y. Mar. 16, 2016) (giving little weight to "two self-serving declarations submitted by [Plaintiff].").

███████████████████████████████████████

███████████████████████████████████████ █████

███████████████████████████████████████

█████████████████████████████████ It is well settled that a void *ab initio* provision *automatically* renders the assignment invalid (*i.e.,* as if no assignment took place to begin with). Br. 13 (citing cases). WSOU fails to respond to this precedent. Opp. 17.

███████████████████████████████████████

███████████████████████████████████████

---

2 ████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████.

Therefore, any patent assignment to WSOU would still be ineffective.

C. ████████████████████████████████

For the reasons discussed above, the lack of assignment of the '489 patent to WSOU means WSOU has *no* exclusionary rights to the patent. The lack of any exclusionary rights is precisely why constitutional standing is implicated. Br. 7-9. ███████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████ This is incorrect, as defects in constitutional standing cannot be cured retroactively. Br. 8-9; *EMA*, 2022 WL 2759094, at *10.

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████ *In re Spinnaker Indus., Inc.*, 313 F. App'x 749, 754 (6th Cir. 2008) ("Our obligation under New York law is to discern the parties' 'purpose and intent' from the 'four corners of the document.'"); *Hoeg Corp. v. Peebles Corp.*, 60 N.Y.S.3d 259, 261 (2017) (determining "intent" from contract "without looking to extrinsic evidence to create ambiguities"). Thus, WSOU's arguments should be disregarded.[3]

---

[3] WSOU's cited cases, Opp. 14-15, are distinguishable. ████████████████████
████████████████████████

*MBIA Ins. Corp. v. Credit Suisse Sec. (USA) LLC*, 58 N.Y.S.3d 874 (N.Y. Sup. 2017) ("[P]arty's own subjective understanding of a contract, even if it makes commercial sense, is irrelevant.").

## II. WSOU LACKS STANDING TO SUE FOR PRE-ASSIGNMENT DAMAGES

Contrary to WSOU's assertion (Opp. 8-11), whether WSOU had *any* exclusionary rights for the pertinent time period (pre-August 21, 2017) raises a question of constitutional standing. As constitutional standing "can be raised at any time," WSOU's "procedural defects" arguments regarding the instant motion are meritless. *McCall v. Dretke*, 390 F.3d 358, 361 (5th Cir. 2004).

Specifically, WSOU argues that "past damages" is a question of prudential or "statutory" standing. Opp. 9. Notably, WSOU cites not a single case holding that the question of whether *any* rights exist to past damages raises only a statutory standing question. Instead, WSOU misconstrues the Federal Circuit's standing cases and insists it must only allege that "(i) Brazos is the owner of the asserted patent; (ii) Dell has infringed the asserted patent; (iii) Brazos suffered economic injury caused by Dell; and (iv) Brazos is entitled to recover damages." Opp. 10. If mere allegation were sufficient, standing would never be an issue in any case.[4]

Rather, in *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, the Federal Circuit confirmed that whether a party possesses *any* exclusionary rights for the pertinent time period is a constitutional standing issue, while prudential standing examines the *substantiality* of those rights. 925 F.3d 1225, 1234-36 (Fed. Cir. 2019) (plaintiff had exclusionary rights and thus, constitutional standing—but, constraints on exercise of the rights during pertinent period meant it lacked "all

---

[4] WSOU asserts *Schwendimann* supports its argument that standing can be met via boilerplate allegations. But that case did not analyze whether a patentee's lack of rights for the pertinent period posed a constitutional standing problem; it analyzed what constitutes a written assignment. *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1072 (Fed. Cir. 2020). Given that the Federal Circuit analyzed the written agreement, WSOU's assertion that simply alleging ownership is sufficient to confer standing is wrong.

substantial rights" and needed to join the assignor as co-plaintiff); Br. 8-9. WSOU's sole argument, that it had *some* "exclusionary rights" when it filed its complaint, overlooks that it had *no* rights before August 21, 2017. Without exclusionary rights *for that* period, WSOU cannot show injury during that period. *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1263-67 (Fed. Cir. 2010) (constitutional standing "coterminous with" scope of exclusionary rights). Thus, WSOU's prudential standing arguments are erroneously premised and should be disregarded.

[redacted] WSOU has it backwards. In New York, a specific contractual provision controls over a more general one. Br. 18 (citing cases). The Federal Circuit also follows this canon of contract interpretation. *Hometown Fin., Inc. v. U.S.*, 409 F.3d 1360, 1369 (Fed. Cir. 2005).[5]

[redacted][6]

---

[5] [redacted]

[6] WSOU asserts *DDB Techs., LLC v. MLB Advanced Media, L.P.* rejected the same argument made by Defendants here. Opp. 14. But that case did not reach ownership—it was remanded for

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██ █████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████ *In re Spinnaker Indus., Inc.*, 313 F. App'x 749, 754 (6th Cir. 2008) ("Our obligation under New York law is to discern the parties' 'purpose and intent' from the 'four corners of the document.'"); *Hoeg Corp. v. Peebles Corp.*, 60 N.Y.S.3d 259, 261 (2017) (determining "intent" from contract "without looking to extrinsic evidence to create ambiguities"). Thus, WSOU's arguments should be disregarded.[7]

*MBIA Ins. Corp. v. Credit Suisse Sec. (USA) LLC*, 58 N.Y.S.3d 874 (N.Y. Sup. 2017) ("[P]arty's

---

further discovery. 517 F.3d 1284, 1294 (Fed. Cir. 2008) ("Because we hold that further jurisdictional discovery was warranted, we do not reach the issue of whether the district court correctly held on the previous record that the patents in suit fell within the scope of Barstow's employment agreement[.]").

[7] WSOU's cited cases, Opp. 14-15, are distinguishable. ████████████████
████████████████████████

**FILED UNDER SEAL**

own subjective understanding of a contract, even if it makes commercial sense, is irrelevant.").

| | |
|---|---|
| Dated: July 18, 2022 | By: */s/ Barry K. Shelton* <br> Barry K. Shelton <br> Texas State Bar No. 24055029 <br> bshelton@winston.com <br> **WINSTON & STRAWN LLP** <br> 2121 North Pearl Street, Suite 900 <br> Dallas, TX  75201 <br> Telephone:  214-453-6407 <br> Facsimile:  214-453-6400 <br> <br> Benjamin Hershkowitz <br> bhershkowitz@gibsondunn.com <br> Brian A. Rosenthal <br> brosenthal@gibsondunn.com <br> Allen Kathir <br> akathir@gibsondunn.com <br> **GIBSON, DUNN & CRUTCHER LLP** <br> 200 Park Avenue <br> New York, NY  10166-0193 <br> Telephone:  212.351.4000 <br> Facsimile:  212.351.4035 <br> <br> Y. Ernest Hsin <br> ehsin@gibsondunn.com <br> Jaysen S. Chung <br> jschung@gibsondunn.com <br> **GIBSON, DUNN & CRUTCHER LLP** <br> 555 Mission Street, Suite 3000 <br> San Francisco, CA  94105-0921 <br> Telephone:  415.393.8200 <br> Facsimile:  415.393.8306 <br> <br> Ryan K. Iwahashi <br> riwahashi@gibsondunn.com <br> **GIBSON, DUNN & CRUTCHER LLP** <br> 1881 Page Mill Road <br> Palo Alto, CA  94304-1211 <br> Telephone:  650.849.5300 <br> Facsimile:  650.849.5333 <br> <br> *Attorneys for Defendants* |

9

**FILED UNDER SEAL**

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 18, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document by e-mail.

*/s/ Barry K. Shelton*
Barry K. Shelton
